On October 28, 1967, appellant, Harry A. Knotts, and appellee Karen L. Knotts, were married. On November 21, 1996, appellee filed a complaint for divorce.
A trial before a magistrate commenced on January 8, 1998. The parties agreed to the division of their property. The issues for trial included spousal support, attorney fees and insurance. By decision filed September 2, 1998, the magistrate recommended that appellant pay $2,975 per month as spousal support, appellee receive $4,865.50 for attorney fees, and appellant obtain a life insurance policy and name appellee as beneficiary.
On September 9, 1998, appellant filed objections to the magistrate's decision. A hearing was held on November 6, 1998. By judgment entry filed November 17, 1998, the trial court denied the objections. A final decree incorporating the magistrate's decision was filed on December 14, 1998.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED IN ORDERING APPELLANT/HUSBAND TO PAY $2,975 PER MONTH SPOUSAL SUPPORT FOR FIFTEEN YEARS.
II
 THE TRIAL COURT ERRED IN ORDERING APPELLANT/HUSBAND TO PAY APPELLEE/WIFE'S ATTORNEY FEES.
III
 THE TRIAL COURT ERRED IN ORDERING APPELLANT/HUSBAND TO OBTAIN LIFE INSURANCE.
 I
Appellant claims the trial court erred in awarding $2,975 per month as spousal support. Specifically, appellant claims the amount is unreasonable given his salary, appellee's need, and appellee's salary and income from her share of the marital assets. Appellant also claims the fifteen year duration is excessive. We disagree.
The trial court is provided with broad discretion in deciding what is equitable upon the facts and circumstances of each case. Cherry v. Cherry (1981), 66 Ohio St.2d 348. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law of judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We are further guided by the language of Kunkle v. Kunkle (1990),51 Ohio St.3d 64, paragraph one of the syllabus:
 Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities.
The marriage sub judice lasted for thirty-one years wherein appellee was not employed during the course of rearing the parties' children. Appellee now has a nominal part time job with no health benefits, earning approximately $10,563.28 per year. See, August 31, 1998 Magistrate's Decision at Finding of Fact No. 12. In adopting the magistrate's decision, the trial court found at the time of the divorce, appellant earned a combined salary of $108,000 (Finding of Fact No. 11):
 11. The Defendant is fifty (50) years old. He has a bachelor of arts in business management from Malone College and is currently employed with Ragon Electric. The Defendant began his employment history with Central States Can Company in October 1970. Defendant left Central States Can Company in July 1993 after attaining the position of Director of Sales and Marketing. Central States Can Company had been acquired by another company and Defendant left to form Phoenix Packaging. The Defendant, along with other investors formed Phoenix Packaging by purchasing shares of stock in Phoenix. Defendant purchased seventy-five (75) shares of Phoenix at $1,000 per share. Defendant recently left Phoenix Packaging and became employed with Ragon Electric. Defendant became employed with Ragon Electric by purchasing one hundred sixty-two and one-half shares of Ragon Electric. Defendant made this purchase by redeeming thirty-seven (37) shares of Phoenix Packaging stock now valued at $4,750.00 per share for a total of $175,750. This redemption and purchase was made during the pendency of this case. Further, in the fall of 1997 Defendant sold his Corvette for $14,000 towards the lease of a Porsche. Defendant pays one-half of $685.24 per month for the lease of the Porsche, while Ragon Electric pays the other half. In addition to the one-half lease, Defendant also receives $60,000 per year from Ragon plus a consulting fee from Phoenix Packaging as income. The consulting fee is set forth in Joint Exhibit 8 and will result in Defendant earning $48,000 for tax year 1998. Defendant is in good health.
In awarding spousal support, the trial court considered the factors enumerated in R.C. 3105.18(C)(1) and retained jurisdiction over the issue (Conclusion of Law No. 5):
 5. Considering all of the factors listed within Ohio Revised Code Section 3105.18(C)(1) as well as the parties separation agreement, this court finds an award of spousal support to the Plaintiff appropriate and reasonable. Thus, commencing September 1, 1998 Defendant shall pay the sum of $2,975.00 per month plus processing fee thru Stark County CSEA for a period of one hundred and eighty (180) months. The court retains jurisdiction as to the amount and duration of spousal support.
Upon review, we find the trial court did not abuse its discretion in fashioning this order. The trial court specifically retained jurisdiction, covering appellant's argument his consulting income stopped in 1999.
Appellant argues in awarding spousal support, the trial court did not factor in appellee's potential income from her share of the marital assets nor did it consider appellant's investment of his marital assets. Appellant argues he used his marital assets to invest in and purchase Ragon Electric which in turn provides his salary. We note the testimony offered by an accountant, Scott Warburton, about the parties' income after taxes, did not include appellant's consulting income. T. at 158, 181. Mr. Warburton also explained the loan agreements relative to the purchase of Ragon Electric limited appellant's salary to "two and half percent of sales." T. at 162. The sales for Ragon Electric for the 1998-1999 year were projected to be three million dollars which would give appellant a salary of $75,000. T. at 162-163. Projected growth in sales was expected to be seven percent annually for five years. T. at 168, 176, 180.
Appellant also argues appellee does not need $2,975 per month given the fact she no longer owns a home requiring maintenance and some of her expenses are too high. We find this matter was fully argued to the trial court and was rejected in light of the other factors enumerated in R.C. 3105.18(C)(1).
Upon review, we fall to find the trial court abused its discretion in the award of spousal support, particularly because the trial court acknowledged possible changes and retained jurisdiction.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in awarding appellee attorney fees in the amount of $4,865.50. Specifically, appellant argues there was no finding under R.C. 3105.18(H) that appellee was prevented from fully litigating her rights. We agree.
Although an award of attorney fees is generally reviewed under an abuse of discretion standard, we find the judgment entry sub judice does not include any finding under R.C.3105.18(H) which states as follows:
 (H) In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order to decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees.
Assignment of Error II is granted.
 III
Appellant claims the trial court erred in ordering him to obtain a life insurance policy to cover the fifteen years of spousal support. We disagree.
The crux of appellant's argument is that the policy would be too expensive and would create a drain upon his already depleted income. We are unable to determine the validity of such an argument because the record does not reveal what the cost of such a policy would be or whether appellant already has a policy that would in fact suffice. If there is an inability to follow a trial court order, that is best litigated through a contempt proceeding.
Apart from the inability argument, we find the trial court did not abuse its discretion in insuring the continuance of spousal support. As noted in the trial court's December 14, 1998 judgment entry and not denied by appellant, appellant willfully violated the trial court's November 21, 1996 temporary restraining order relative to marital property.
Upon review, we find the evidence of appellant's willful disobedience to prior orders to be sufficient justification for the trial court to impose the insurance provision.
Assignment of Error III is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is affirmed in part and reversed in part.
By Farmer, J. Wise, P.J. and Edwards, J. concur.
_____________________________
_____________________________
 _____________________________ JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is affirmed in part and reversed in part. Costs to appellant.
_______________________________
_______________________________
 _______________________________ JUDGES