OPINION
Appellant Robert Allison appeals the judgment entry granting divorce in the Stark County Court of Common Pleas, Domestic Relations Division. The relevant facts leading to this appeal are as follows.
Appellant and Appellee Yolanda Allison were married on September 25, 1982. Two children were born as issue of the marriage. On February 5, 1999, appellant filed a complaint in divorce. On April 8, 1999, appellee filed her answer and counterclaim. After a trial on October 14, 1999, the trial judge issued a final judgment entry granting divorce on November 2, 1999. The court designated appellee as the residential parent of the children, and directed, inter alia, that appellant pay child support of $327.36 per month per child, as well as spousal support in the sum of $500 per month, to terminate upon appellee's death, remarriage, or a time frame of 51 months, whichever would occur first. Spousal support was further subject to the trial court's continuing jurisdiction.
On November 29, 1999, appellant filed his notice of appeal and herein raises the following sole Assignment of Error:
 I. THE COURT ERRED IN GRANTING THE DEFENDANT SPOUSAL SUPPORT.
 I.
In his sole Assignment of Error, appellant contends the trial court erred in establishing the amount and duration of spousal support. We disagree.
The trial court ordered appellant to pay spousal support in the amount of $500 per month. Appellant claims the award of spousal support was inappropriate, contrary to the evidence, and unreasonable based on the facts and circumstances presented.
A review of a trial court's decision relative to spousal support is governed by an abuse of discretion standard. Cherry v. Cherry
(1981), 66 Ohio St.2d 348, 355. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion.Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. We must therefore look at the totality of the circumstances in the casesub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
In making a determination of spousal support, the trial court must consider the following factors under R.C. 3105.18(C)(1):
Award of spousal support; modification.
 (C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payments, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
(a) The income of the parties, from all sources * * *;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
 (h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
Trial courts are also governed by the standards and guidelines imposed by the Ohio Supreme Court in Kunkle v. Kunkle
(1990), 51 Ohio St.3d 64, paragraph one of the syllabus. This case provides:
 Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities.
The following evidence was submitted to the trial court concerning the parties' financial and living situations. Appellant serves as a recruiter in the United States Marine Corps, with an enlisted rank of E-7. He has been in the Marines throughout the marriage, except for the year 1984, after which time he reenlisted. He received eighteen months of formal training in the field of electronics, his military occupation prior to entering the recruiting arena. Appellee presently works as a waitress for approximately six hours per day, earning $2.40 per hour plus tips. She attended college for one year in 1978, without earning a degree. However, she has "not really worked continuously since 1984." Tr. at 20. She has focused on being a caretaker of the parties' children during the marriage, during which a total of nineteen moves took place, including such states as North Carolina, Hawaii, and California. She further indicated that she has been diagnosed with cervical cancer. She expressed concern that further education at this time would be greatly restricted due to her parenting duties.
The trial court determined appellant's gross income to be $38,160 per year, and that he expected a pension from the military. The trial court found appellee subject to imputation of full-time income of $5.75 per hour, or $11,960 annually. The court also held that the parties' standard of living during the marriage should be classified as modest.
Based on the above evidence, it is clear the trial court did consider the factors listed in R.C. 3105.18(C)(1)(a) through (n) in concluding appellee is entitled to spousal support in the amount of $500 per month for 51 months. The trial court's award of spousal support does not constitute an abuse of discretion, and we decline to substitute our judgment for that of the finder of fact.
Appellant's sole Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Stark County, Domestic Relations Division, is hereby affirmed.
By: Wise, J., Gwin, P.J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed.