OPINION
Appellant Timothy A. Brown appeals a judgment of the Stark County Common Pleas Court, Family Court Division, granting a divorce to appellee Julia A. Brown, awarding spousal support, and dividing marital property:
ASSIGNMENTS OF ERROR
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED AN ERROR AT LAW WHEN IT MADE AN EXCESSIVE SPOUSAL SUPPORT AWARD TO THE APPELLEE BASED UPON THE EVIDENCE.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED AN ERROR AT LAW WHEN IT TOOK AWAY $2,500.00 FROM THE APPELLANT'S SEPARATE PROPERTY CLAIM UPON THE MARITAL RESIDENCE.
Appellant and appellee were married on September 23, 1995. No children were born as issue of the marriage. On May 4, 1999, appellant filed the instant action seeking a divorce from appellee on the grounds of gross neglect of duty and extreme cruelty. Appellee counter-claimed for divorce. Following trial, the court granted a divorce to appellee on the basis of extreme cruelty. The court ordered appellant to pay spousal support to appellee in the amount $600 per month, for 18 months. The court did not reserve jurisdiction over the issue of spousal support. In addition, the court divided marital property.
 I
Appellant argues that the court erred in the spousal support award.
Appellant first argues that the judgment does not state the basis of the award in sufficient detail to enable this court to conduct an effective review. While the court does not specifically delineate findings as to each factor to be considered when awarding spousal support pursuant to R.C. 3105.18, the court does recite that it reviewed all of the statutory factors in making its award. The court made findings concerning the relative earning abilities of the parties, the ages and physical condition of the parties, the retirement benefits of each party, the duration of the marriage, the relative extent of education of the parties, and the assets and liabilities of the parties. Reviewing the judgment as a whole, the court made sufficient findings to enable this court to review the finding of spousal support.
Appellant next argues that the court erred in failing to continue jurisdiction over the issue of spousal support. The trial court is given broad discretion in determining whether to expressly reserve jurisdiction to modify an award of spousal support. Rupert v. Rupert (August 22, 1992), Stark App. No. 94CA0099, unreported. In this case, the spousal support award was relatively short in duration, extending for 18 months. Spousal support was to terminate upon the death of either party or upon the re-marriage of appellee. The court did not abuse its discretion in failing to reserve jurisdiction to modify the spousal support award.
Finally, appellant argues that the amount of spousal support is excessive given the short duration of the marriage, the relative income of the parties, and the earning abilities of the parties.
R.C. 3105.18 sets forth the guidelines for determining whether spousal support is necessary, and the nature, amount, and manner of spousal support payments. Wolfe v. Wolfe (1976),46 Ohio St.2d 399, 414. The court is given broad discretion in determining what is equitable upon the facts and circumstances of each case, but such discretion is not unlimited. Cherry v.Cherry (1981), 66 Ohio St.2d 348, 355. A reviewing court cannot substitute its judgment for the trial court unless, considering the totality of the circumstances, the trial court abused its discretion. Holcomb v Holcomb (1989), 44 Ohio St.3d 128. Abuse of discretion involves more than a difference in opinion; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
In the instant case, appellee has been diagnosed with Multiple Sclerosis. While her health has generally been good, she was unemployed at the time of trial. A vocational study indicated that her income could be around $32,000 if employed. However, the court specifically found that her medical condition is a problem. She received $1250 in Social Security benefits for herself and a child from another marriage. While appellant was unemployed due to a reduction in force, prior to the loss of his job, appellant earned approximately $100,000. At the time of trial, he had his own consulting company, earning gross income of approximately $20,000. The record does not reflect that the court abused its discretion in ordering appellant to pay appellee $600 per month for spousal support for 18 months.
The first assignment of error is overruled.
 II
Appellant argues that the court erred in undervaluing his separate property claim in the marital residence by $2500.
There was evidence that when the marital residence was purchased, a down payment of $11,525 was required. Appellant lacked sufficient funds, so appellee supplied $4,000 to make up the balance of the down payment. Appellee's father assisted in obtaining the loan, by co-signing, and by providing collateral. Appellant claims that he had used $13,000 of separate property to make the down payment. However, the court concluded that appellee's $4,000 contribution was repaid with marital assets. The court therefore, credited appellant with $1500 of the face value of the loan to recognize that the obligation was repaid with marital funds, and reduced appellant's separate property claim by $2500, rather than $4,000. Appellant has not demonstrated that the court abused its discretion in its handling of the down payment.
The judgment of the Stark County Common Pleas Court, Family Court Division, is affirmed.
By Gwin, P.J., Farmer, J., and Wise, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, The judgment of the Stark County Common Pleas Court, Family Court Division, is affirmed.