HOLCOMB, APPELLANT, *v.* HOLCOMB, APPELLEE.

[Cite as Holcomb *v.* Holcomb (1989), 44 Ohio St. 3d 128.]

(No. 88-381—Submitted March 15, 1989—Decided July 26, 1989.)

*Richard F. Swope,* for appellant.
*Spetnagel & Benson* and *J. Jeffrey Benson,* for appellee.

MOYER, C.J. The issue presented is whether the trial court abused its discretion in failing to divide appellee's pension plan and in not awarding sustenance alimony to appellant. Due to the nature of the question, we first address the property division before the award of sustenance alimony.

After a divorce has been granted, the trial court is required to equitably divide and distribute the marital estate between the parties and thereafter consider whether an award of sustenance alimony would be appropriate. *Teeter* v. *Teeter* (1985), 18 Ohio St. 3d 76, 18 OBR 106, 479 N.E. 2d 890, citing to *Wolfe* v. *Wolfe* (1976), 46 Ohio

St. 2d 399, 75 O.O. 2d 474, 350 N.E. 2d 413. The trial court is vested with broad discretion in determining the appropriate scope of these property awards. *Berish* v. *Berish* (1982), 69 Ohio St. 2d 318, 23 O.O. 3d 296, 432 N.E. 2d 183. Although its discretion is not unlimited, it has authority to do what is equitable. *Cherry* v. *Cherry* (1981), 66 Ohio St. 2d 348, 355, 20 O.O. 3d 318, 322, 421 N.E. 2d 1293, 1298. A reviewing court should measure the trial court's adherence to the test, but should not substitute its judgment for that of the trier of fact unless, considering the totality of the circumstances, it finds that the court abused its discretion. Section 3(B), Article IV of the Ohio Constitution; App. R. 12; *Briganti* v. *Briganti* (1984), 9 Ohio St. 3d 220, 222, 9 OBR 529, 531, 459 N.E. 2d 896, 898; *Kaechele* v. *Kaechele* (1988), 35 Ohio St. 3d 93, 94, 518 N.E. 2d 1197, 1199. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219, 5 OBR 481, 482, 450 N.E. 2d 1140, 1142.

The starting point for any court division of marital property or award of alimony is R.C. 3105.18, which provides in pertinent part:

"(A) In divorce, dissolution of marriage, or alimony proceedings, the court of common pleas may allow alimony it considers reasonable to either party.[1]

"The alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court considers equitable.

"(B) In determining whether alimony is necessary, and in determining the nature, amount, and manner of payment of alimony, the court shall consider all relevant factors, including, but not limited to, the following:

"(1) The relative earning abilities of the parties;

"(2) The ages, and the physical and emotional conditions of the parties;

"(3) The retirement benefits of the parties;

"(4) The expectancies and inheritances of the parties;

"(5) The duration of the marriage;

"(6) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;

"(7) The standard of living of the parties established during the marriage;

"(8) The relative extent of education of the parties;

"(9) The relative assets and liabilities of the parties;

"(10) The property brought to the marriage by either party;

"(11) The contribution of a spouse as homemaker." (Footnote added.)

In *Kaechele, supra,* at 95, 518 N.E. 2d at 1200, we rejected a flat, equal property division rule and held, citing to *Cherry, supra,* at 355, 20 O.O. 3d at 322, 421 N.E. 2d at 1299, that "* * * equal division should be the starting point of the trial court's analysis when it considers the factors listed in R.C. 3105.18 and all other relevant factors. An unequal property division does not, standing alone, amount to an

---

[1] "In Ohio, alimony is comprised of two components: a division of marital assets and liabilities, and periodic payments for sustenance and support." *Kaechele, supra,* at 95, 518 N.E. 2d at 1200.

abuse of discretion. Equitable does not [necessarily] mean equal."

In affirming the trial court's decision, the court of appeals emphasized the trial court's determination that (1) appellant's take-home pay roughly equals appellee's pension benefits, (2) appellant is entitled to Social Security benefits on retirement, and (3) appellant stands to inherit property from her mother. The court's decision raises the question of whether appellee's pension plan should have been treated as a marital asset subject to consideration under R.C. 3105.18 in dividing marital assets and liabilities.

A vested pension plan accumulated during marriage is a marital asset and must be considered in conjunction with other factors listed under R.C. 3105.18 and all other relevant factors in dividing marital assets and liabilities. It is immaterial that, at the time of a divorce, as herein, a spouse has started receiving the benefits in the form of periodic income. The plan nonetheless constitutes marital assets, and the benefits therefrom belong to the marital estate and not to the receiving spouse exclusively. *Teeter, supra,* at 77, 18 OBR at 107, 479 N.E. 2d at 892.

In *Kaechele, supra,* at 96, 518 N.E. 2d at 1201, we indicated that the right to receive a fixed bonus guaranteed over a certain future period is more like an asset than income, in view of the fact that it is payment for past services. Similarly, a monthly pension benefit is payment for past services, and if the services were rendered during coverture, it constitutes a marital asset. The rationale is that pension payments are deferred compensation earned during working years. Therefore, if the employee was married while working, logically, the right to the deferred compensation belongs to the marital estate. *In re Marriage of Hunt* (1979), 78 Ill. App. 3d 653, 397

N.E. 2d 511; *Kruger* v. *Kruger* (1976), 139 N.J. Super. 413, 417-418, 354 A. 2d 340, 343, modified (1977), 73 N.J. 464, 375 A. 2d 659; Annotation, Pension or Retirement Benefits as Subject to Award or Division by Court in Settlement of Property Rights between Spouses (1979), 94 A.L.R. 3d 176, 193, 232, Sections 4[c] and 13[a]. Since appellee's pension plan was accumulated during the marriage, we hold that it is a marital asset and must be considered in conjunction with other factors listed under R.C. 3105.18 and other relevant factors in dividing the marital assets and liabilities to ensure that the result reached is equitable.

We next consider whether the trial court abused its discretion in not dividing the pension benefits. The court is not required to divide the pension benefits as a matter of law; however, it must consider the pension plan as a marital asset in reaching an equitable division of property. Here, the fact that appellant's net income roughly equals appellee's pension benefit does not in itself preclude division of the pension benefits. Neither does the fact that appellant expects to inherit from her mother and is also entitled to Social Security benefits on retirement. "The whole factual situation constitutes one bundle of sticks" that must be considered under the guidelines of R.C. 3105.18. *Esteb* v. *Esteb* (1962), 173 Ohio St. 258, 263, 19 O.O. 2d 80, 82, 181 N.E. 2d 462, 464. The trial court may not base its determination upon any one factor taken in isolation. *Kaechele, supra,* at paragraph one of the syllabus.

The trial court, in awarding the pension plan to appellee, stated that it was "not unmindful of the valuation placed on the defendant's pension plan * * * but notwithstanding such evidence * * * an equitable distribution of the assets in this case demands and

dictates that neither party should have an interest in the retirement or pension program of the other." The court's decision leads to an inequitable result. The inequity becomes obvious when appellee eventually finds a job, as he indicated he would. In that situation, his "additional income," unlike appellant's "take-home pay," is not taken into consideration in the division of the marital assets and liabilities and award of sustenance alimony. He thus profits at the expense of appellant. See *Cherry, supra,* at 355, 20 O.O. 3d at 322, 421 N.E. 2d at 1299. Put differently, the trial court's decision penalizes appellant for finding a job to support herself. The inequity is compounded if appellant's expectation of inheritance does not materialize. While expectancies should be considered under R.C. 3105.18, we caution courts against giving too much weight to the possibility of inheritance in making their initial property division and support alimony awards. *Id.* at 358, 20 O.O. 3d at 324, 421 N.E. 2d at 1300, fn. 3.

We conclude on the facts of this case that the trial court abused its discretion in treating appellee's pension plan as though it is his exclusive property. The inequity resulting from the court's decision warrants this finding. The pension plan belongs to the marital estate and must be considered as such in dividing the marital assets and liabilities. We do not hold that appellee's pension benefits must be divided but that it is a marital asset. After an equitable division of the property has been made, the trial court may then consider whether an additional amount is needed for sustenance and, if so, the duration of such necessity. *Kaechele, supra,* at 95, 518 N.E. 2d at 1200.

The second issue deals with whether the court abused its discretion in failing to *specifically* consider the balance of appellee's earnings from the federal prison system, his accrued vacation pay, the proceeds of the cashed insurance policies, and accrued pension checks in dividing the marital assets and liabilities. A review of the record reveals that the trial court took these funds into account, albeit indirectly. The record indicates that the funds were expended for the benefit of the marital estate. The bulk of the fund was used in repairing appellee's Ford pickup truck, which was one of the assets divided in the property settlement. The balance was used in paying temporary alimony to appellant and for appellee's rent and living expenses while separated from appellant. We therefore conclude that the trial court's treatment of these funds does not amount to an abuse of discretion.

We reverse the judgment of the court of appeals and remand the cause to the trial court for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.