**CAMPITELLI, Appellant,**

v.

**CAMPITELLI, Appellee.**

[Cite as *Campitelli v. Campitelli* (1989), 65 Ohio App.3d 307.]

Court of Appeals of Ohio,
Stark County.

No. CA-7829.

Decided Nov. 20, 1989.

*James P. Adlon,* for appellant.

*Rosemary Rubin,* for appellee.

SMART, Judge.

This is an appeal from a judgment of the Court of Common Pleas of Stark County, Domestic Relations Division, that granted a divorce to plaintiff-appellant, Vincent R. Campitelli (husband), and defendant-appellee, Wilma

Campitelli (wife); divided the marital property of the parties; and awarded alimony to wife. Husband challenges only the financial aspects of the divorce.

The record indicates that the parties were married in 1955 and produced five children, all emancipated. At the time of the final hearing, husband was employed by the Alliance Board of Education as an auto body instructor. Wife was not employed outside the home during the marriage, except for some volunteer work. Both parties were age fifty-five at the time of the final hearing.

Husband assigns two errors to the trial court:

### Assignment of Error Number One

"The judgment of the trial court awarding the appellee a 30% interest in the appellant's pension with the State Teachers' Retirement System *when it becomes payable to the appellant* is manifestly against the weight of the evidence, contrary to law, and an abuse of discretion by the trial court." (Emphasis *sic.*)

### Assignment of Error Number Two

"The judgment of the trial court awarding the appellee partial sustenance alimony in the amount of $1,100.00 per month and subject to termination upon the death or remarriage of the appellee and subject to the continuing jurisdiction of the court is manifestly against the weight of the evidence, contrary to law, and an abuse of discretion by the trial court."

### I

R.C. 3105.18 states in pertinent part:

"(A) In divorce, dissolution of marriage, or alimony proceedings, the court of common pleas may allow alimony it considers reasonable to either party.

"The alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court considers equitable."

The trial court awarded wife thirty percent of the husband's retirement benefits at the time they become payable. Husband has currently worked thirteen years under State Teachers' Retirement System, and will be eligible

to retire at age sixty, at the earliest. This portion of the alimony award is not subject to the continuing jurisdiction of the court, and it is terminable only upon wife's death.

Husband urges that wife will receive not only the benefits accrued during the marriage, but will also receive whatever increase in the benefit amount attributable to husband's post-decree employment.

Wife replies that the trial court considered this and tailored its order to allow for it in two ways. First, the trial court ordered that wife receive thirty percent of the total retirement benefits when it would have been within the trial court's discretion to award more. Secondly, the trial court retained jurisdiction over the other alimony award (see Part II, *infra*) to modify the award if it finds an inequity at some future date.

■ We note that the statute requires consideration of retirement benefits in determining the necessity for, and payment of, alimony. See R.C. 3105.-18(B)(3). Our Supreme Court in its recent case of *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 541 N.E.2d 597, held:

"A vested pension plan accumulated during marriage is a marital asset and must be considered in conjunction with other factors listed under R.C. 3105.18 and other relevant factors in dividing marital assets and liabilities to ensure that the result reached is equitable." *Id.* at syllabus.

■ Very recently this court had occasion to examine the converse to this case in *Berry v. Berry* (Oct. 25, 1989), Knox App. No. 89–CA–24, unreported, 1989 WL 132486. In *Berry*, the wife was awarded one-half of husband's pension benefits accrued during coverture, but her receipt of those benefits was delayed until June 1, 1993, that being the earliest date she was eligible to retire. Her husband had already retired, and was receiving his benefits. We found no error in *Berry*, and we find none herein.

The concept of alimony in gross presumes one party's right to a share in the future income of the other. We have now reviewed two ways the trial courts have tried to equitably apportion pension rights in the absence of clear legislative or Supreme Court guidance. Where, as here, the trial court has devised a scheme that allows for future earnings by means of a reduced share of the total benefits, and has also taken care to retain jurisdiction over other portions of the alimony award, we find the award to be equitable and we affirm.

The first assignment of error is overruled.

## II

In his second assignment of error, husband points out that the trial court awarded wife $1,100 per month as partial sustenance alimony, terminable upon the death or remarriage of wife. This portion of the alimony award is subject to the continuing jurisdiction of the court. Husband's net income from his teaching position is $2,271 per month. Wife testified that she would seek employment when she was ready to do so. She explained that during the marriage, husband had insisted that she not work, and she did not feel as though he could now insist that she work.

In addition to his salary, husband received rental property that generates income. The trial court reviewed the parties' financial statements and testimony adduced at trial. Wife's counsel made an oral request for $830 per month sustenance alimony at trial. Other evidence indicated that she had been spending $675 to $730 per month, although she had been living very marginally. This amount apparently did not include certain expenses that had been husband's responsibility during the pendency of the case. The trial court noted that wife would be liable for income taxes on the alimony award.

We find no abuse of the trial court's considerable discretion, *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. We further find that the judgment is supported by substantial, competent and credible evidence, and is not against the weight of the evidence, *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. Finally, the judgment is not contrary to Ohio law.

The second assignment of error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Domestic Relations Division, is affirmed.

*Judgment affirmed.*

MILLIGAN, P.J., and JOHN R. HOFFMAN, J., concur.