**Smith v. Smith**
*[Cite as 8 AOA 41]*

*Case No. 12063*

*Montgomery County, (2nd)*
*Decided November 2, 1990*

*Joseph P. Moore and Paul M. Courtney, 410 Corporate Center Drive, Vandalia, OH 45377, Attorney for Plaintiff-Appellant.*

*Carl A. Cramer, 3508 Wilmington Pike, Kettering, Ohio 45429, Attorney for Defendant-Appellee.*

FAIN, J.

Plaintiff-appellant Doris I. Smith appeals from a divorce decree. Mrs. Smith contends, that the trial court's failure to order child support was either erroneous, as a matter of law, or was an abuse of discretion; that the trial court erred in failing to treat defendant-appellee Donlow Smith, Jr.'s disability pension as a marital asset subject to division; and that the trial court's failure to find that Mr. Smith had certain additional sources of income was against the manifest weight of the evidence.

We conclude that the trial court was within its discretion in determining that the fact that the minor child of the parties was receiving $3,168 per year in Social Security payments on account of Mr. Smith's disability was a circumstance under which it was equitable not to make an award of child support; that the trial court was within its discretion in determining that the nature of Mr. Smith's disability pension, being in lieu of income that he might, but for his disability, have been able to earn from employment, made it equitable to offset his income from the disability pension against Mrs. Smith's earned income; and that there is testimony in the record that, if believed, would persuade the average mind that Mr. Smith did not have additional sources of income as alleged by Mrs. Smith. Accordingly, the judgment of the trial court will be affirmed.

I

The Smiths were married in 1967 and have one minor child, Christy Lynn Smith, born September 7, 1973. One other child is emancipated.

. Mrs. Smith brought this action for divorce in 1989.

At trial, it was established that Mr. Smith was disabled, and received weekly workers' compensation in the amount of $93.80, monthly Social Security income in the amount of $784; and a medical retirement benefit from his previous employer, Chrysler Corporation, in the amount of $336 a month. Concerning his medical retirement benefit, Mr. Smith testified on cross-examination as follows:

"Q. And you got other income which is what, a Chrysler Retirement $336 a month, and that Chrysler retirement is a medical retirement benefit?

"A. Right.

"Q. That's kind of a pension that's vested; is that the idea?

"A. It's a medical, yes."

Although Mrs. Smith sought to establish that Mr. Smith received additional income from gambling at cards, Mr. Smith denied that his gambling produced any income. Mrs. Smith also sought to establish that he had an ownership interest in an establishment known as "The Conference Room," a place where people, including Mr. Smith, play cards. However, Mr. Smith denied that he had any ownership interest therein, or that he derived any income therefrom. Mrs. Smith offered in evidence an application for a bank loan in which Mr. Smith stated that his income in 1988 was $2,000 per month.

Christy, the Smiths' daughter, was receiving $3,168 a year in Social Security disability income, on account of Mr. Smith's disability. Following a trial, the trial court awarded Christy's custody to Mrs. Smith, but awarded neither alimony nor child support. From the judgment and decree of divorce, Mrs. Smith appeals.

II

Mrs. Smith's First Assignment of Error is as follows:

"THE TRIAL COURT ERRED AS A MATTER OF LAW TO THE PREJUDICE OF APPELLANT IN FAILING TO ORDER PAYMENT OF CHILD SUPPORT BY APPELLEE, OR IN THE ALTERNATIVE THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO ORDER PAYMENT OF CHILD SUPPORT."

The trial court applied the Child Support Guidelines contained in C.P. Sup. R. 75, and determined that Mr. Smith's child support obligation, applying the Guidelines, would amount to $2,657 per year. In view of the fact that the child

of the parties was already receiving $3,168 per year in Social Security disability payments, on account of her father's disability, the trial court determined that it would be inequitable to order the payment of child support in this case.

Mrs. Smith contends that the trial court erred by considering the social Security disability payments received by the child.

As noted in the third paragraph of the Preface to the Child Support Guidelines, R.C. 3109.05 provides that courts are to consider the financial resources of the child, among other relevant factors, in determining the amount reasonable or necessary for child support. This paragraph of the Preface goes on to note that the Guidelines are "consistent with these relevant factors." Part V of the Guidelines, C.P. Sup., R. 75, further provides that:

"The court should exercise broad discretion in deviating from the Guidelines in cases where application would be inequitable to the child or children or to one of the parties. The following are circumstances which may justify deviation from the Guidelines: *** (J) all other relevant factors included in Sections 3109.05 and 3111.13 of the Revised Code and relevant case law."

We conclude that the trial court was within the discretion contemplated in C. P. Sup. R. 75 when it determined that a child who is receiving annual Social Security disability income in the amount of $3,168, on account of her father's disability, should not receive court-ordered child support in addition when the level of child support provided for in C.P. Sup. R. 75 would otherwise have been $2,657 annually. It is appropriate to consider the Social Security disability income received by the child on account of her father's disability to be in lieu of child support, since it was her father's earnings from employment covered by Social Security that created her entitlement to the disability benefits. *Bayne v. Bayne* (Feb. 13, 1989), Montgomery App. 11175, unreported; *Robinson v. Robinson* (July 30, 1987), Miami App. 86-CA-56, unreported. Accord, see *Pride v. Nolan* (1987), 31 Ohio App. 3d 361.

Mrs. Smith's First Assignment of Error is overruled.

### III

Mrs. Smith's Second Assignment of Error is as follows:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY HOLDING THAT APPELLEE'S CHRYSLER PENSION WAS INCOME AND NOT A MARITAL ASSET."

The trial court found that the medical retirement benefits that Mr. Smith receives from Chrysler in the amount of $336 a month do not constitute a vested pension benefit earned during the marriage, which should be considered as a marital asset in dividing the marital assets and liabilities, in accordance with the rule laid down in *Holcomb v. Holcomb* (1989), 44 Ohio St. 3d 128. Mrs. Smith contends that the evidence does not support the trial court's finding. In support of her contention, Mrs. Smith relies upon the following portion of her cross-examination of Mr. Smith:

"Q. And you got other income which is what, a Chrysler Retirement, $336 a month, and that that Chrysler retirement is a medical retirement benefit?

"A. Right.

"Q. That's kind of a pension that's vested; is that the idea?

"A. It's a medical, yes."

Mrs. Smith contends that the above-quoted testimony establishes that Mr. Smith's medical retirement benefit from Chrysler is a vested pension benefit. We conclude that the evidence is not so clear in that respect. Mr. Smith did not clearly assent to the characterization of his benefit as a "pension that's vested;" he characterized it, instead, as "a medical." Accordingly, we do not conclude that the trial court's finding of fact is unsupported by the evidence.

In any event, as the trial court seemed to conclude in the alternative, it would still have been inequitable, under the circumstances of this case, to treat the medical retirement benefits as a marital asset and to divide it between the parties. Even if the medical retirement benefit were vested, it would still constitute income received by Mr. Smith in lieu of the income that he would otherwise have been able to earn, but for his disability. Thus, it was equitable for the trial court to consider Mr. Smith's annualized disability payments in the amount of $18,276 as offsetting Mrs. Smith's annualized income of $19,000. The $19,000 represented Mrs. Smith's earning ability. The $18,276 disability payment represented an income that Mr. Smith received in recognition of the fact that he was unable, as a result of his disability, to earn income. Under these circumstances, we agree with the trial court that *Holcomb v. Holcomb, supra*, is distinguishable.

"***when considering a fair and equitable distribution of pension or retirement benefits in a divorce, the trial court must apply its discretion

based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension or retirement plan, and the reasonableness of the result; ***." *Hoyt v. Hoyt* (1990), 53 Ohio St. 3d 177, 179. In the case before us, we conclude that the trial court did not abuse its discretion in declining to award Mrs. Smith a portion of Mr. Smith's medical retirement benefit.

Mrs. Smith's Second Assignment of Error is overruled.

## IV

Mrs. Smith's Third Assignment of Error is as follows:

"THE TRIAL COURT ERRED TO THE APPELLANT'S PREJUDICE IN FINDING APPELLEE'S INCOME TO BE ONLY HIS FIXED INCOME, WHERE THE MANIFEST WEIGHT OF THE EVIDENCE DEMONSTRATED THAT APPELLEE RECEIVED OTHER ADDITIONAL INCOME."

Mrs. Smith made an effort to establish that, notwithstanding Mr. Smith's protestations to the contrary, he earned substantial additional income by gambling at cards. Mr. Smith testified that he netted no income from gambling at cards; that his gains were offset by his losses. The trial court resolved this conflict in the evidence in Mr. Smith's favor, as follows:

"The Court is certainly aware that the defendant did in fact gamble, but from the facts presented in no way is the Court to [sic] able to find that he in fact has made money from his gambling endeavors."

The credibility of witnesses is for the finder of fact, who is in a position to see and hear the witnesses, to determine. An appellate court has no function with respect to determining the credibility of conflicting testimony. Where there is testimony in the record that, if believed, would persuade the average mind of the necessary facts, a judgment may not be reversed as being against the manifest weight of the evidence. *State v. Walker* (1978), 55 Ohio St. 2nd 208, 213.

In the case before us, Mr. Smith's testimony, if believed, would establish that he had no additional income from his gambling at cards. The trial court evidently decided to believe Mr. Smith's testimony in that respect. Accordingly, we are not in a position to reverse that finding.

Mrs. Smith's Third Assignment of Error is overruled.

## V

All of Mrs. Smith's Assignments of Error having been overruled, the judgment of the trial court will be affirmed.

WILSON and GRADY, J.J., concur.