[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
OPINION
This appeal is brought by defendant-appellant Jerry Zimmerman from a judgment of the Court of Common Pleas of Allen County granting a divorce to plaintiff-appellee Sephanie Zimmerman.
On June 8, 1968, Jerry and Sephanie were married. On December 10, 1996, Sephanie filed a complaint for divorce. A trial was held on the matter on June 4, 1997, September 3, 1997, October 16, 1997, and November 7, 1997. On June 19, 1998, the trial court issued its decision. The judgment was filed on June 30, 1998. In that entry, the trial court granted the divorce, ordered the distribution of the debts and assets, and ordered Jerry to pay spousal support for seven years. On July 28, 1998, Jerry filed his appeal from this order.
Jerry claims the following assignments of error:
 The trial court erred in determining that the value of the Practice of Clinical Psychology, Inc. was $235,934.00 as of September 30, 1996, where the court rejected the testimony of both expert witnesses; the practice has no assessable good will; there was no evidence before the court to support that evaluation; and where the court erroneously failed to adjust the value of the corporation by the amount of the $8,442 loan to Sephanie which was disallowed.
 The trial court erred in determining that it is reasonable and appropriate to award Sephanie spousal support in the amount of $833 per month for a period of seven years where Sephanie is a practicing, licensed clinical psychologist with demonstrated average client fee income of $80,337 and the potential to generate client fees of $93,000 to $97,000 per year.
 The trial court abused its discretion by utilizing several different dates for the determination of the valuation of and distribution of marital property and marital debts and by failing to establish the duration of the marriage for purposes of spousal support calculations.
In the first assignment of error, Jerry claims that the trial court arbitrarily determined the value of the business. At the hearing, both Jerry and Sephanie presented expert witnesses on the value of the business. Robert Sielschott, the expert for Jerry, stated the value of the business to be $184,474.00. Mr. Sielschott did not find that the business had any value in its good will. In contrast, Dr. Burns, Sephanie's expert, found the business to have a value of $280,106.00 with $40,782.00 of that value arising from the good will of the business. Dr. Burns testified that the value of the good will would be between 25% and 50% of the after salary income of the business. Dr. Burns used 37.5% in determining the amount of good will. The trial court found this percentage to be too high and determined that the amount of 25% was the appropriate figure to use. The court then adjusted this figure, in the interest of equity, to address the loss in good will caused by Sephanie leaving the business and the "changes in insurance." Trial Court's Decision. This reduction occurred due to Mr. Sielschott's testimony about the uncertainties facing the business once Sephanie left.
Jerry also claims that the trial court erred in determining the appropriate amount of accounts receivable. Mr. Sielschott determined the accounts receivable to be worth $61,608.00 while Dr. Burns valued them at $132,385.00. Mr. Sielschott used a collection rate of 30% for determining the value and Dr. Burns used a rate of 70%. Both experts admitted to flaws in their determinations due to a lack of information. Thus, the court found that neither expert had a valid evaluation of the current accounts receivable. The trial court examined the evidence presented to it, applied the expert's methods of calculation, and determined that a 50% collection rate would be applicable given all the factors. Using this rate and reducing the gross proceeds by the overhead costs, the trial court made its own determination on the value of the accounts receivable to be $91,021.00. Since the trial court used the evidence before it in reaching its determination, there is no abuse of discretion.
Next, Jerry claims that the trial court erred in failing to charge Sephanie for the loan made to her from the business. According to Jerry, the business loaned Sephanie the money and she was supposed to repay it. However, the trial court found no evidence that this was meant to be a loan as no promissory note was written. The trial court found that the amount had already been deducted from the business as a cost of doing business. Since this is one of the court's findings of fact and there is evidence in the record to support it, we cannot find an abuse of discretion. The first assignment of error is overruled.
Jerry's second assignment of error claims that the trial court erred in granting spousal support to Sephanie. After a division of property is made, the trial court may consider whether spousal support should be granted. R.C. 3105.18(B). Generally, a trial court has broad discretion in awarding spousal support.Cherry v. Cherry (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293. The trial court is guided by the factors listed in R.C. 3105.18(C)(1) when determining whether spousal support is appropriate. An appellant must show that an award of sustenance alimony is unreasonable, arbitrary, or unconscionable before it may be overturned. Kahn v. Kahn (1987) 42 Ohio App.3d 61,536 N.E.2d 678. The amount of support is discretionary. Holcomb v. Holcomb
(1989), 44 Ohio St.3d 128, 541 N.E.2d 597.
In this case, the trial court examined the following factors concerning the parties: earning abilities, the ages and physical limitations, the retirement benefits, the duration of the marriage, the standard of living during the marriage, the education of the parties, the relative assets and liabilities of the parties, the tax consequences of spousal support, and the lost income capacity of Sephanie due to the time she took off to raise the children. Based upon these factors, the trial court found that Jerry should pay spousal support to Sephanie. Since the trial court considered all of the factors required by R.C.3105.18(C)(1) and the evidence supports the trial court's findings, no abuse of discretion has occurred. The second assignment of error is overruled.
In the third assignment of error, Jerry argues that the trial court erred by selecting different dates for the determination of the values of the property.
"During the marriage" means whichever of the following isapplicable:
 Except as provided in division (A)(2)(b) of this section, the period of time from the date of the marriage through the date of the final hearing in an action for divorce or in an action for legal separation;
 (b) If the court determines that use of either or both of the dates specified in division (A)(2)(a) of this section would be inequitable, the court may select dates that it considers equitable in determining marital property, "during the marriage" means the period of time between those dates selected and specified by the court.
R.C. 3105.171. Here, the trial court considered the various dates that could be used for determining the valuation of the various assets and debts of the marriage. After reviewing the evidence, the trial court found that the most equitable date for the division of the business was September 30, 1996, which was the most recent valuation. The trial court based this decision on the fact that Jerry and Sephanie were each a 50% shareholder in the business. Thus, the trial court concluded that the parties should share in the gains or losses of the business regardless of their separation. The statute permits the trial court to determine an equitable valuation date, which is what the court did.
Jerry also argues that the trial court needed to determine the duration of the marriage for the purpose of determining the proper spousal support. However, this argument ignores the fact that the trial court did consider the length of the marriage. The trial court found that the couple was married on June 8, 1968. Regardless of whether the trial court used the separation date or the date of the last hearing, the marriage was a lengthy one. The statute requires the trial court to consider the duration of the marriage as a factor for determining the appropriate amount of spousal support. The exact length of the marriage need not be found because there is no set formula for determining spousal support. Instead, the length of the marriage is just one of many factors to be considered by the trial court. Here, the trial court considered all of the factors and, in its discretion, determined that spousal support was appropriate. The failure of the trial court to specifically state the exact length of the marriage does not make the decision arbitrary. The third assignment of error is overruled.
The judgment of the Court of Common Pleas of Allen County is affirmed.
Judgment affirmed.
 SHAW and WALTERS, JJ., concur.