OPINION
Appellant Delbert D. Baker, Sr. appeals a divorce judgment of the Licking County Common Pleas Court, dividing marital property, and awarding spousal support to appellee Judith Ann Baker:
 ASSIGNMENTS OF ERROR FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN ADOPTING THE MAGISTRATE DECISION FILED 03/09/99 INSTEAD OF THE MAGISTRATE DECISION FILED 02/12/98 DUE TO THE FACT THAT "DURING THE MARRIAGE" WAS DEFINED AS THE DATE OF THE MARRIAGE THROUGH 01/28/98.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN AWARDING SPOUSAL SUPPORT.
The parties were married on December 13, 1960. The parties owned no real property, and the main asset of the marriage was the parties' business, Dell's Auto Sales. During the marriage, the parties jointly participated in selling used motor vehicles in the operation of Dell's Auto Sales. Appellant generally handled the sales and services of vehicles, while appellee handled the title work, and maintained the books and records of the enterprise. On February 12, 1998, a magistrate in the Licking County Common Pleas Court issued a recommendation that the parties be divorced on the grounds of incompatibility, that appellee's interest in the auto dealership be set at $50,704.60, and that neither party be awarded spousal support. The magistrate made a finding that appellee had an eleventh grade education, and was 54 years old. He found that she had been employed in a clothing factory for approximate 18 months in the 1970's, and had been employed by a cleaning service in Florida for three months during the 1990's. Her other source of employment was through the joint operation of Dell's Auto Sales, in handling the title work, books, and records for the dealership. The magistrate further found that appellant had refused to cooperate with appellee's attempts, to apply for an automobile dealer's license following her separation from appellant. The magistrate recognized that there was a great deal of ill-will between the parties. Upon objections to the magistrate's decision, the court remanded the case to the magistrate to reconsider appellee's employability in view of the recommendation of no award of spousal support, and to consider an alternative to division of the assets of the business. Upon remand, the magistrate found that appellee had a very limited employment capacity outside of her work with the family business. The magistrate further found that the trial court should enter an order providing for sale of the business and all assets, with the net proceeds to be divided equally between the parties. The magistrate recommended that the parties have the option to ask the court to appoint a receiver to marshall the assets and liabilities. The magistrate further found that appellant had opened a bank account in Florida following the initial hearing, despite the fact that he had no on-going business in the state, and the magistrate felt the opening of this account raised an inference that appellant was attempting to hide funds pending the final resolution of the divorce case. On May 31, 2000, the court entered the final decree of divorce. The court found the date of the termination of the marriage to be January 28, 1998. The court ordered the sale of the business, with proceeds to be split equally. The court found appellee's interest in the business to be worth $49,204.60. The court further ordered appellant to pay appellee spousal support in the amount of $1080.33 per month. This award of spousal support will be reconsidered by the court each year on August 1, based upon appellee's tax return for the current year. The amount of support would be reduced $1.00 for each $2.00 earned by appellee in the previous fiscal year. Therefore, if appellee earned $26,000 or more, appellant's obligation for spousal support would end.
 I
Appellant argues that the court erred in failing to approve the February 12, 1998 recommendation of the magistrate, as the March 9, 1999, decision of the magistrate was based on evidence of his actions after the termination date of the marriage. This assignment of error is without merit. While the court found the termination date of the marriage to be January 28, 1998, appellant's conduct concerning financial matters following the termination date of the marriage, but before the court's final judgment dividing marital property, may be considered by the court in fashioning a workable distribution of the marital business. Further, the court's order of remand concerning spousal support does not rely on claims of appellant's conduct following the termination date of the marriage. Rather, the court remands the case to the magistrate with instructions to consider the issue of appellee's employability. The record reflected that appellee had very limited employment experience outside of her work in the family business, which would no longer be available to her following the divorce. The first assignment of error is overruled.
 II
Appellant argues that the court abused its discretion in awarding spousal support. R.C. 3105.18 sets forth factors which the court is to consider before awarding spousal support. These factors include:
(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
(b) The relative earning abilities of the parties;
(c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
(f) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;
(g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
(l) The tax consequences for each party, of an award of spousal support;
(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
(n) Any other factor that the court expressly finds to be relevant and equitable.
R.C. 3105.18 (C)(1) A reviewing court cannot substitute its judgment for that of the trial court unless, considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131. The court did not abuse its discretion in its spousal support award in the instant case. Except for two brief periods of time, appellee had worked solely for the family business. She has no other source of income, is now 57 years old, and does not have a high school diploma. She does not have any pension. The parties were married for 40 years. While appellant argues that appellee is in a position to open her own dealership, due to the ongoing hostility between the parties, the court denied her request to order appellant to allow her to erect a temporary sign on one of his car lots to enable her to get a dealer's license. The spousal support is specifically tailored to adjustment on an annual basis for appellee's earnings during the previous year. The court did not abuse its discretion in awarding spousal support in the instant case. The second assignment of error is overruled.
The judgment of the Licking County Common Pleas Court is affirmed.
 _____________ Gwin, P.J.,
Farmer, J., and Wise, J., concur