{¶ 83} I must respectfully dissent, in part, from the majority because the trial court erred in several key respects. Specifically, I would sustain appellant's first two assignments of error, because neither the record nor the final judgment entry provides sufficient support for the amount and duration of the trial court's spousal support award. I would also sustain appellant's fourth assignment of error for three reasons. First, the trial court erred by crediting appellant with the receipt of the severance package, where there was no express finding of financial misconduct. Second, the trial court abused its discretion when it arbitrarily, and without explanation chose the date of the final decree as the marriage end-date. Consequently, appellant is correct in arguing that the trial court abused its discretion by treating his 2006 tax refund as a marital asset. Third, the trial court erred by treating the entirety of appellant's STRS pension as a marital asset, since appellant presented evidence that a portion thereof was clearly non-marital. Accordingly, I would affirm the judgment of the trial court in part, reverse in part, and remand this matter to the trial court for further proceedings.
 Spousal Support {¶ 84} I disagree with the majority's decision to uphold the trial court's spousal support award. Neither the record nor the final judgment entry provides sufficient support for the amount and duration of this award. Although, as the majority points out, the trial court didmention the R.C. 3105.18 factors, both at the hearing and in the final decree, the trial court failed to analyze why the spousal support award was reasonable in light of those factors. *Page 24 
 {¶ 85} It is well-established that a trial court must indicate the basis for its award of spousal support in sufficient detail to enable a reviewing court to determine whether the award is fair, equitable and in accordance with the law. Kaechele v. Kaechele (1988), 35 Ohio St .3d 93, 97; Heslep v. Heslep (June 14, 2000), 7th Dist. No. 825. In order to accomplish this result, "the entry must provide some illumination of the facts and reasoning underlying the judgment." (Emphasis added.)Lepowsky v. Lepowsky, 7th Dist. No. 04 CO 42, 2006-Ohio-0667, at ¶ 51 (internal citations omitted).
 {¶ 86} In many ways, the entry in this case is similar to the entry described in Lepowsky. In that case, the trial court's judgment entry stated that it considered the statutory factors, and listed its findings with regard to some of those factors. Id. at ¶ 52. However, "the trial court did not explain how it arrived at the amount it awarded in sufficient detail to enable appellate review." Id. We noted that although both parties presented evidence of their respective expenses, "none of [those] facts supported] the amount of the trial court's spousal support award and the trial court did not discuss whether any of the expenses claimed by the parties were actually reasonable." Id. at ¶ 54.
 {¶ 87} Since neither the trial court's judgment entry nor the record in Lepowsky indicated how the trial court determined the amount of spousal support it awarded was an appropriate and reasonable amount, we reversed the trial court's decision and remanded the case so the trial court could set forth the basis of its award in sufficient detail to enable appellate review. Id. at ¶ 55.
 {¶ 88} Similarly, the trial court here did list many of those statutory factors *Page 25 
when making its findings of fact. However, the court did not provideany explanation of how it reached its award. As in Lepowsky, the trial court failed to discuss the impact of the parties' expenses and whether those expenses were even reasonable. Nor was there any discussion of the impact of the property division upon the spousal support award. Instead, the decree just states that appellant shall pay $3,000.00 per month to appellee for an indefinite period of time.
 {¶ 89} Fundamentally, it is unclear why the trial court determined its spousal support award was reasonable and appropriate. This lack of clarity makes it impossible to review whether the trial court abused its discretion in making the award. Further, I disagree with the majority's assertion that the record "adequately reflects the fairness of the award." I would sustain appellant's first two assignments of error; reverse the trial court's spousal support award; and remand to the trial court for a more thorough analysis.
 Division of Marital Property {¶ 90} I also disagree with the majority's decision to overrule appellant's fourth assignment of error, which relates to the trial court's division of marital property. The trial court erred in its property division in three ways. Each will be discussed in turn.
 The Severance Package {¶ 91} The trial court abused its discretion by treating appellant's severance check as a marital asset and crediting the amount of the severance check against appellant for property division purposes.
 {¶ 92} When a trial court divides a couple's marital property at divorce, it must divide all the couple's real and personal property at the time of the divorce and all *Page 26 
interests a couple had in real and personal property. R.C. 3105.171(A)(3) and 3105.171(B). However, the severance check that appellant received was not an asset of the parties, instead, it was income. Appellant testified that the amount was based on the number of sick days he did not use during his employment. As demonstrated by Plaintiff's Exhibit 19A, appellant's severance check pay stub, the gross amount was $18,491.49, with federal, state and local income taxes as well as Medicare payroll taxes, totaling $5,815.57 were deducted for a net amount of $12,675.92.
 {¶ 93} Of course, there is a mechanism through which a trial court can consider a parties' financial conduct during the marriage when dividing a couple's marital property. R.C. 3105.171(E)(3) allows a trial court to distribute a greater amount of the marital property to one spouse if it finds that the other spouse "has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets."
 {¶ 94} The majority concludes that language in the trial court's judgment entry provides a clear indication as to its belief that appellant committed financial misconduct. I disagree. Although the trial court did state that appellant failed to explain what happened to the severance check proceeds, and that appellee did not benefit from the funds, it failed to make an express finding of financial misconduct pursuant to R.C. 3105.171(E)(3).
 {¶ 95} Absent such an express finding by the trial court, we cannot simply presume misconduct. Moreover, the evidence at trial does not support a finding of financial misconduct. "The burden of proving financial misconduct is on the *Page 27 
complaining party." Gallo v. Gallo, 11th Dist. No. 2000-L-208, 2002-Ohio-2815, at ¶ 43. Appellant testified at trial that the proceeds from his severance package were used to pay bills. (2/17/06 Tr., p. 63-5.) Appellee did not produce any evidence to demonstrate that the funds were used for any other purpose. Thus the trial court abused its discretion by crediting appellant with the receipt of the severance check funds when dividing the marital property, because it was not an asset subject to division, and moreover there was no specific finding of financial misconduct as required by statute.
 The 2006 Tax Refund {¶ 96} The trial court also abused its discretion by designating appellant's 2006 tax refund as a marital asset, because that designation was based on the trial court's erroneous determination that the marriage ended on the date of the divorce decree.
 {¶ 97} The date a marriage ends is normally the date of the final hearing in the divorce action. R.C. 3105.171(A)(2)(a). However, a trial court may select a different date for the end of the marriage if the other date is equitable in determining marital property. R.C. 3105.171(A)(2)(b). "Equity may occasionally require valuation as of the date of the de facto termination of the marriage. The circumstances of a particular case may make a date prior to trial more equitable for the recognition, determination and valuation of relative equities in marital assets." Berish v. Berish (1982), 69 Ohio St.2d 318, 320.
 {¶ 98} In this case, the parties did not stipulate to the date the marriage ended and the trial court found that the marriage ended on March 16, 2007, the date of its *Page 28 
divorce decree; a date well after the final hearing in June 2006. However, the trial court provided no reasoning as to why the equities dictated that the marriage end on a date so long after the final hearing.
 {¶ 99} The trial court's determination of the marriage end-date was an abuse of discretion. There are three options for the marriage end-date in this case which would comport with the statute: (1) the statutory default of the final hearing date in June, 2006; (2) the date of the parties' separation in August, 2004; or (3) the date appellee filed her complaint for divorce in June, 2005. It was within the trial court's discretion to pick any of those dates, but it must state its reasons for purposes of appellate review. Treatment of appellant's 2006 tax refund as a marital asset depends on the marriage end-date chosen. Because the trial court's determination of the marriage end-date was an abuse of discretion I would also conclude that the trial court abused its discretion by treating appellant's 2006 tax refund as a marital asset.
 The STRS Pension {¶ 100} Finally, the trial court erred by finding the entire amount of appellant's STRS pension to be a marital asset and dividing it accordingly. We have previously held that "[o]nly the proportion of a pension that was earned during marriage is a marital asset." Makar v.Makar, 7th Dist. No. 02 CA 37, 2003-Ohio-1071, at ¶ 18, citingHolcomb v. Holcomb (1989), 44 Ohio St.3d 128, 132. The evidence at trial shows that appellant had earned 28.1 years of service credit toward his pension, but that two of those years occurred prior to the marriage. Thus the portion of the pension earned during those first two years is not a marital asset and the trial court erred when it concluded the opposite. *Page 29 
 {¶ 101} The majority insists that there is insufficient evidence to show the amount that appellant contributed to the STRS pension prior to the marriage, and that even if the trial court had made such a determination, that amount would have been de minimus compared to the amount contributed during the marriage. The majority therefore concludes that the trial court did not abuse its discretion in finding the entirety of the STRS pension a marital asset.
 {¶ 102} However, as the majority concedes, evidence in the form of an STRS statement, (Plaintiff's Exhibit 15) does demonstrate that appellant contributed $5,687.41 to that pension between the 1976-1977 and 1981-1982 school years. The parties married on June 17, 1978, and thus contributions made during the 1976-77 and 1977-78 school years should have been treated as appellant's separate property. Although the STRS statement does not give a specific breakdown as to the contributions for the premarital school years, I believe that the trial court could and should have made an approximate calculation based on the figures it had available.
 {¶ 103} Further, the fact that premarital contributions may have been "de minimus" compared to marital ones does not mean that the trial court may simply treat the premarital contributions as marital. Only the proportion of a pension that was earned during the marriage can be treated as a marital asset. Makar, at ¶ 18. This error is further compounded by the trial court choosing an ending date of the marriage contrary to R.C. 3105.171(A)(2)(a)-(b), as discussed above. Thus, I believe the trial court erred by designating the entire amount of the STRS pension as a marital asset.
 Conclusion *Page 30 {¶ 104} Accordingly, I respectfully disagree with the majority's decisions to uphold the trial court's spousal support award and marital property division. Thus, I would sustain appellant's first, second and fourth assignments of error and reverse and remand to this matter to the trial court for further proceedings. *Page 1