{¶ 92} I concur in part, but respectfully dissent from the majority's opinion with respect to the trial court's spousal support determination. I believe the trial court abused *Page 29 
its discretion in ordering Darrell to pay only $1,000 per month in spousal support.
 {¶ 93} A spousal support determination must be both "appropriate and reasonable" in light of the required factors in R.C. 3105.18(C)(1). Courts have been cautioned that no factor should be viewed in isolation; instead, courts must look to the totality of circumstances surrounding the award to ensure there has been no abuse of discretion. Kaechele v.Kaechele (1988), 35 Ohio St.3d 93, 96; Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 131. However, some factors may be more significant when determining the appropriate spousal support, particularly when the marriage was of considerable duration. See Kunckle v. Kunckle (1990),51 Ohio St.3d 64, 69.
 {¶ 94} By the time the divorce was finalized, the parties had been married for 28 years. Early in the marriage, while Darrell was obtaining his advanced education, Sharyn worked to support their family. In the final ten to 15 years of the marriage, Sharyn was primarily a homemaker, whose only real employment outside the home was part-time bookkeeping in Darrell's office. While the parties mutually decided that Sharyn would stay home to raise their children in lieu of being employed, this decision benefited the marriage and has left Sharyn with little opportunity to develop meaningful employment skills outside the home.
 {¶ 95} During the marriage, Darrell earned a bachelor's degree, a medical degree, completed his medical residency, and for a time, was earning $250,000 as an OB/GYN specialist. In contrast, Sharyn, with only her high school education and limited work experience, earned only a fraction of the parties' combined income, even when Darrell was earning $90,000 per year. While Sharyn's age at the time of divorce (50 years old) does not preclude her from earning a sustainable income, her re-entry into *Page 30 
the work force at this stage in her life, with her limited work experience and employment skills, will likely be quite difficult.
 {¶ 96} In light of the totality of circumstances in this case, I believe the trial court's decision, in only awarding Sharyn $1,000 per month in spousal support, was arbitrary, unreasonable, and unconscionable. Therefore, I would reverse the trial court's award of spousal support as an abuse of its discretion. *Page 1