[Cite as *White-Rhoades v. Rhoades*, 2014-Ohio-1790.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### MARION COUNTY

CYNTHIA KAY WHITE-RHOADES,

    PLAINTIFF-APPELLANT,          CASE NO. 9-13-60

    v.

WAYNE A. RHOADES,               O P I N I O N

    DEFENDANT-APPELLEE.

Appeal from Marion County Common Pleas Court
Family Division
Trial Court No. 12 DR 0043

**Judgment Affirmed**

Date of Decision: April 28, 2014

APPEARANCES:

    *Jeff Ratliff* for Appellant

    *Nathan D. Witkin* for Appellee

**SHAW, J.**

{¶1} Plaintiff-appellant, Cynthia K. White-Rhoades ("Cynthia"), appeals the October 1, 2013 judgment of the Marion County Court of Common Pleas, Family Division, classifying the appreciation of Cynthia's residence, located at 295 Kenmore Avenue, Marion, Ohio (the "Kenmore residence"), as marital property based upon improvements made during the marriage which were funded by a bank account containing Cynthia's separate property and marital funds contributed by defendant-appellee, Wayne A. Rhoades ("Wayne"). The trial court concluded that the account was a marital asset due to the comingled nature of the funds and further determined that it was unable to discern from the evidence presented which party's funds financed the improvements to the Kenmore residence. As a result, the trial court ordered Cynthia to pay Wayne one half of the value of the appreciation.

{¶2} This Court originally heard this matter in case number 9-12-60 ("*White-Rhoades v. Rhoades I*"). *White-Rhoades v. Rhoades*, 3rd Dist. Marion No. 9-12-60, 2013-Ohio-2385. In the original decree of divorce, the trial court determined that the appreciation of the Kenmore residence was Cynthia's separate property. Specifically, the trial court found that:

> **During the course of the marriage the residence at 295 Kenmore Avenue underwent an addition. [Wayne] seeks to be awarded one-half of the increase in the value of the real property due to the labor he performed. The evidence shows that [Cynthia]**

> engaged the services of a contractor to construct an addition to the Kenmore Avenue property.  The evidence further shows that [Cynthia] expended funds in excess of $200,000.00 for this construction.  [Wayne] acknowledged that the funds for the construction came from [Cynthia's] monies.  However, [Wayne] claims he is entitled to a portion of the increase in the value of the property because he assisted the construction team with his labor and expertise.  [Wayne] further indicated that he used the opportunity to learn some construction skills from the contractor.
>
> Don Davis, a certified real estate appraiser, appraised the home with and without the addition.  He determined, and the parties stipulated, that the increase in the value of the property is $40,000.00.  The Court finds that [Wayne] failed to show that the work he performed and the expertise he provided increased the value of the real estate.  The Court therefore finds that [Wayne's] labor and expertise did not result in any comingling of the property and the property shall remain [Cynthia's] separate property.

(Doc. No. 47, p. 2–3).

{¶3} The trial court also determined that the Honda Account which financed the improvements to the Kenmore residence was a marital asset. Specifically, the trial court found as follows:

> [Wayne] claims that his income was deposited into [Cynthia's] checking account and that as a result there has been a comingling of assets.  Bank records show that [Wayne's] paycheck was direct deposited into [Cynthia's] Honda Federal Credit Union checking account ending in account # 3693. This arrangement was made because [Wayne], due to prior felony convictions, was not able to open his own separate checking account.  Additionally, direct deposit was required by his employer.  [Wayne] acknowledged that awards on [Cynthia's] personal injury claims were deposited into this account and that they were not comingled and are [Cynthia's] separate property.

> **[Cynthia] eventually moved those funds into her investment accounts. The Court finds that those funds remain [Cynthia's] separate property. The bank records show that the monies in [Cynthia's] Honda Federal Credit Union checking account indicated by checking #3693 were used for various expenditures. Some of the expenses were for the parties' vacations, dining and other non-essential purposes. Others are attributable to trips that [Wayne] had separately from [Cynthia]. Other expenses were used for the daily living expenses of the parties. [Cynthia] has not met the burden of showing adequate tracing to show that the account, although solely in her name, was not comingled with [Wayne's] funds. The Court therefore finds that checking account ending with the numbers 3693 is a marital asset. Both parties' property affidavits show that the balance in this account at separation was $1,713.77. These funds are marital.**

(Id. at p. 3–4).

{¶4} Wayne filed an appeal in *White-Rhoades v. Rhoades I* claiming that the trial court erred in determining that the $40,000.00 of appreciation of the Kenmore residence was attributable to only Cynthia's separate property. Specifically, Wayne argued that the trial court overlooked certain evidence presented during the final hearing when the trial court stated in the divorce decree that "[Wayne] acknowledged that the funds for the construction came from [Cynthia's] monies. However, [Wayne] claims he is entitled to a portion of the increase in the value of the property because he assisted the construction team with his labor and expertise." Instead, Wayne argued that he consistently maintained during the trial court proceedings that the appreciation was marital property due to the fact that the addition on the Kenmore residence was funded in

large part by the Honda Account where $84,000.00 of his earnings were deposited during the marriage.

{¶5} This Court reviewed the record in *White-Rhoades v. Rhoades I* and determined that the evidence supported Wayne's contentions on appeal that he maintained throughout the final hearing that the appreciation was a marital asset due to the comingling of marital and separate funds in the Honda account and that the characterizations of the trial court to the contrary were not supported by the record. *White-Rhoades v. Rhoades I*, 2013-Ohio-2385 at ¶ 19. Consequently, we issued a remand solely "for the trial court to consider the argument Wayne asserted in his trial brief concerning the classification of the Kenmore residence's appreciation." *Id*. at ¶ 23.

{¶6} The record reflects that a status conference was held on August 15, 2013, following the release of this Court's opinion in *White-Rhoades v. Rhoades I.*

{¶7} On September 25, 2013, Wayne filed "Defendant's Post Appeal Brief." In this document, Wayne acknowledged, *for the first and only time in the record of these divorce proceedings*, the existence of a debt associated with a judgment in a separate civil case involving Cynthia and Nye Construction—the contractors who built the addition on the Kenmore residence.

{¶8} On October 1, 2013, the trial court issued a judgment entry on the remanded matter of considering Wayne's arguments regarding the appreciation. In this judgment entry, trial court reached the following conclusion:

> **Ohio Revised Code § 3105.171(C)(1) indicates that the Court shall divide marital property equally unless such a division is not equitable. Ohio Revised Code § 3105.171(C)(2) indicates that each spouse shall be considered to have contributed equally to the production and acquisition of marital property. As indicated above the Court determined the Honda Federal Credit Union account to be marital property due to inadequate tracing.**
>
> **To determine whether or not an equal division of the increase in value of [Cynthia]'s separate real property is equitable the Court turns to Ohio Revised Code § 3105.171(F). This Court finds that the duration of the marriage was six years. The Court further finds that [Cynthia] owned the real property at issue prior to the marriage. The Court further finds that the additions [*sic*] made to the real estate were made after the marriage. The addition increased the value of the home from $90,000.00 to $130,000.00 yielding a $40,000.00 increase in the property value. The Court is unable to discern which particular dollars from the Honda Federal Credit Union account were assigned to the payment of the addition.**
>
> **The Court therefore finds that an equal division of the increase in the value of the property is fair and equitable.**
>
> **It is therefore ORDERED that [Cynthia] shall pay [Wayne] $20,000.00 for his share of the increase in the value of the real property on Kenmore Avenue within 30 days of this judgment entry.**

(Doc. No. 60 at 2).

{¶9} Cynthia subsequently filed this appeal, asserting the following assignment of error.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT FAILED TO MAKE AN EQUAL DIVISION OF ALL THE MARITAL ASSETS AND DEBTS, AS DIRECTED BY R.C. 3105.171, WITHOUT STATING THAT AN EQUAL DIVISION WOULD BE INEQUITABLE OR INDICATING ANY REASONS FOR AN UNEQUAL DIVISION AS LISTED IN R.C. 3105.171(C).**

{¶10} In her sole assignment of error, Cynthia argues following three points on appeal: (1) the trial court abused its discretion when it determined that the appreciation of the Kenmore residence should be divided equally between the parties; (2) the trial court erred when it failed to consider the liability owed to Nye Construction as a result of a judgment issued in a separate civil suit in making its property division regarding the appreciation of the Kenmore residence; and (3) the trial court failed to equally divide the parties' Honda Account and Wayne's 401k plan.

{¶11} At the outset, we note that neither party sought to have any part of the record of the separate civil suit involving Nye Construction certified or otherwise introduced into the record of these divorce proceedings. On the contrary, the only evidence of the Nye Construction case before the trial court was brief testimony regarding Cynthia's expenses and her payment of attorney's fees to defend that case. Moreover, there is nothing in the evidence presented to trial court indicating that the parties contemplated a potential liability affecting the property distribution in the divorce arising from the Nye Construction case. As a

-7-

result, the trial court could not have properly considered any debt resulting from this separate and independent civil case as part of its property distribution in the parties' divorce. Accordingly, we find Cynthia's contention that the trial court on remand should have considered the judgment in the Nye Construction case when determining the parties' shares of the Kenmore residence appreciation to be without merit.

{¶12} We further note that the only issue properly before us on this appeal is the matter specifically remanded by this Court in *White-Rhoades v. Rhoades I*— i.e., trial court's division of the appreciation of the Kenmore residence. Thus, any argument the parties may have challenging the trial court's division of other property, including the Honda Account or Wayne's 401(k), are waived as they should have been raised in the prior appeal.

{¶13} We next turn to address the final argument presented by Cynthia in support of her assignment of error which does properly pertain to the matter remanded by this Court in *White-Rhoades v. Rhoades I*—specifically that the trial court erred in allocating to the parties equal shares of the Kenmore residence appreciation.

{¶14} Trial courts have broad discretion to determine what property division is equitable in a divorce proceeding. *Cherry v. Cherry*, 66 Ohio St.2d 348, 355 (1981). A trial court's decision allocating marital property will not be

reversed absent an abuse of discretion. *Jackson v. Jackson*, 3d Dist. Paulding No. 2008–Ohio–1482, ¶ 15, citing *Holcomb v. Holcomb*, 44 Ohio St.3d 128, 131 (1989). Here, the record supports the trial court's conclusion that the Honda Account used to finance the improvements to the Kenmore residence contained comingled marital and separate funds. The record also supports the trial court's determination that Cynthia failed to present sufficient evidence establishing that only her separate funds were used from the Honda Account to finance the addition on the Kenmore residence. Accordingly, we do not find the trial court's decision to equally divide the appreciation between the parties to be an abuse of discretion.

{¶15} For all these reasons, Cynthia's assignment of error is overruled and the judgment is affirmed.

*Judgment Affirmed*

**ROGERS and PRESTON, J.J., concur.**

**/jlr**