[Cite as *Bishop v. Bishop*, 2018-Ohio-4076.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PUTNAM COUNTY

TYLER C. BISHOP,

    PLAINTIFF-APPELLEE,

    v.

BRANDI J. BISHOP,

    DEFENDANT-APPELLANT.

CASE NO. 12-18-07

O P I N I O N

Appeal from Putnam County Common Pleas Court
Domestic Relations Division
Trial Court No. 2015-DIV-113

**Judgment Affirmed**

**Date of Decision: October 9, 2018**

APPEARANCES:

    *Elliott T. Werth* **for Appellant**

    *Jason N. Flower* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Brandi J. Bishop ("Brandi") brings this appeal from the judgment of the court of Common Pleas of Putnam County, Domestic Division, ordering that the minor child would attend Pandora-Gilboa school system. For the reasons set forth below, the judgment is affirmed.

{¶2} Brandi and plaintiff-appellee Tyler C. Bishop ("Tyler") were divorced on March 4, 2016. Doc. 44. During their marriage they had one child, Wrena, who was born in 2014. *Id.* At the time of the divorce, the parties voluntarily entered into a shared parenting agreement that postponed the determination of where Wrena would attend school. *Id.* On April 5, 2018, Brandi filed a motion for the trial court to determine the school district the child would attend as the parents could not agree. Doc. 50. Tyler filed a motion making the same request on April 18, 2018. Doc. 56. A hearing was held on the matter on April 26, 2018. Doc. 63. The trial court then ordered that Wrena would attend school at Pandora-Gilboa. *Id.* Brandi appeals from this judgment and on appeal raises the following assignment of error.

> **The trial court did commit prejudicial error by naming [Tyler] residential parent for school district purposes.**

{¶3} Brandi claims in the sole assignment of error that the trial court's decision to name Tyler as the residential parent for school district purposes was an abuse of discretion. Brandi argues that the trial court erred by naming Pandora Gilboa as the school district when Tyler did not have a permanent home and she had

lived in her own home in Findlay for almost two years. A determination by the trial court regarding parental rights is reviewed for an abuse of discretion. *Ralston v. Ralston*, 3d Dist. Marion No. 9-08-30, 2009-Ohio-679. "An abuse of discretion is not merely an error in judgment; rather, to constitute an abuse of discretion, the trial court's decision must be unreasonable, arbitrary, or capricious." *Southern v. Scheu*, 3d Dist. Shelby No. 17-17-16, 2018-Ohio-1440, ¶ 10.

> **In applying an abuse of discretion standard, a reviewing court is not free to substitute its judgment for that of the trial court. *Hay v. Shafer*, 3d Dist. No. 10–10–10, 2010–Ohio–4811, ¶ 14, citing *Holcomb v. Holcomb*, 44 Ohio St.3d 128, 541 N.E.2d 597, (1989). When reviewing a change of child custody proceedings, an appellate court should be guided by the presumption that trial court's findings were correct.**

*Brammer v. Brammer*, 3d Dist. Marion No. 9-12-57, 2013 -Ohio- 2843, ¶ 15. A determination of the trial court supported by a substantial amount of credible and competent evidence will not be reversed as being an abuse of discretion. *Ralston, supra* at ¶ 13.

{¶4} When ordering shared parenting the trial court must designate of one of the parties as the residential parent for the purpose of school enrollment. R.C. 3109.04. The original decree in this case did not determine which parent would be named the residential parent for the purpose of school placement, instead leaving it up to the parties to decide at a later date. Thus, the original decree needed to be modified. This court has previously determined that when a trial court modifies the designation of a residential parent for school purposes but otherwise leaves

unchanged the remainder of the shared parenting agreement, the modification is reviewed under R.C. 3109.04(E)(2)(b). *King v. King*, 3d Dist. Union No. 14-11-23, 2012-Ohio-1586, ¶ 8.

> **The court may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree upon its own motion at any time if the court determines that the modifications are in in the best interest of the children or upon the request of one or both of the parents under the decree. Modifications under this division may be made at any time. The court shall not make any modification to the plan under this division, unless the modification is in the best interest of the children.**

R.C. 3109.04(E)(2)(b). Both parties in this case filed a motion to modify the original decree. Thus, the trial court only had to determine whether the modification was in the best interest of the child. To do so, a trial court should consider the factors set forth in R.C. 3109.04(F)(1), which include in pertinent part, the following.

> **In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibility, the court shall consider all relevant factors, including, but not limited to:**
>
> **(a) The wishes of the child's parents regarding the child's care;**
>
> **\* \* \***
>
> **(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;**
>
> **(d) The child's adjustment to the child's home, school, and community[.]**

-4-

R.C. 3109.04(F)(1)

{¶5} Here, a hearing was held on the matter. At the hearing both parents presented evidence as to why the school district in which they lived was the best for Wrena. Both options would have been acceptable, but the trial court was required to pick one. Based upon the evidence before it, the trial court found that Wrena had no significant bonds to any of the mentioned schools and that she was equally attached to both communities. All other things being equal, the trial court determined that "transportation and current work locations [became] the overwhelming factor in facilitation [sic] the schedule." Doc. 63 at 2. The evidence was that the school would be 25-30 minutes from both parents' places of employment. If Findlay schools had been chosen, Tyler would have had a longer drive to work and would thus have had less time to spend with Wrena. Additionally, Tyler had no one to help him get Wrena to school on time if she attended Findlay. Given this evidence, this court cannot find that the trial court abused its discretion. The assignment of error is overruled.

{¶6} Having found no prejudicial error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Putnam County, Domestic Division, is affirmed.

*Judgment Affirmed*

**ZIMMERMAN and PRESTON, J.J., concur.**

**/hls**