OPINION
{¶ 1} On June 8, 1974, appellant, Randy Yerian, and appellee, Laura Yerian, were married. On September 7, 1999, appellee filed a complaint for divorce. On June 29, 2000, the trial court filed a judgment entry decree of divorce, terminating the marriage and dividing the parties' property and debts, and awarding appellee spousal support.
{¶ 2} Appellant appealed the matter to this court, but because the trial court did not file findings of fact and conclusions of law pursuant to appellant's timely request, this court dismissed the matter for lack of jurisdiction. See, Yerian v. Yerian (March 5, 2001), Stark App. No. 2000CA00230. Upon remand, the trial court approved and adopted appellee's proposed findings of fact and conclusions of law on November 29, 2001.
{¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED IN THE UNREASONABLENESS OF THE AMOUNT OF SPOUSAL SUPPORT ORDERED.
 II {¶ 5} "THE TRIAL COURT ERRED IN FAILING TO PROPERLY DIVIDE THE PARTIES' PROPERTY."
 I
{¶ 6} Appellant claims the trial court erred in ordering him to pay appellee spousal support in the amount of $1,200.00 per month. We disagree.
{¶ 7} A review of a trial court's decision relative to spousal support is governed by an abuse of discretion standard. Cherry v. Cherry
(1981), 66 Ohio St.2d 348. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v.Holcomb (1989), 44 Ohio St.3d 128. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
{¶ 8} R.C. 3105.18(C)(1) governs awards of spousal support and states as follows:
 {¶ 9} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 10} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
{¶ 11} "(b) The relative earning abilities of the parties;
 {¶ 12} "(c) The ages and the physical, mental, and emotional conditions of the parties;
{¶ 13} "(d) The retirement benefits of the parties;
{¶ 14} "(e) The duration of the marriage;
 {¶ 15} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 16} "(g) The standard of living of the parties established during the marriage;
{¶ 17} "(h) The relative extent of education of the parties;
 {¶ 18} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 19} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 20} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 21} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 22} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 23} "(n) Any other factor that the court expressly finds to be relevant and equitable."
{¶ 24} Further, trial courts are governed by the standard and guidelines imposed by the Supreme Court of Ohio in Kunkle v.Kunkle (1990), 51 Ohio St.3d 64, paragraph one of the syllabus:
 {¶ 25} "Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony would provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities."
{¶ 26} In awarding appellee $1,200.00 per month, the trial court found appellee has been diagnosed with breast cancer, is receiving chemotherapy, is unable to work, is unable to purchase health insurance because of her illness and has monthly living expenses in the amount of $1,675.00 per month. See, Plaintiff's Findings of Fact and Conclusions of Law at paragraphs 3, 5 and 6, approved and adopted by the trial court on November 29, 2001. The trial court found appellant quit working after the divorce was filed. Id. at paragraph 4. Appellant's 1998 gross income was $46,957.98. Id. at paragraph 4. The trial court found appellant's potential net income to be $33,800.00. Id. at paragraph 7. Dividing the income equally, the trial court determined appellee "would receive spousal support from the Defendant in the amount of $1,400.00."Id.
{¶ 27} Appellant quit work after appellee filed for divorce. T. at 9, 11. Appellant told appellee he would file for bankruptcy and "not work so he wouldn't have to pay me" and threatened to leave town. T. at 11-12. Appellant admitted his decision to file bankruptcy "depends on the Court's decision." T. at 30. Appellant told the trial court he could not do any of his hauling work and pay off his debts because his fuel had been shut off and he had other expenses such as plates and insurance. T. at 27-28. Appellant chose not to work in lieu of paying his debts. T. at 28-29. We note the trial court retained jurisdiction on the issue of spousal support. See, Judgment Entry filed June 14, 2000.
{¶ 28} Based upon the testimony and evidence presented, we find the trial court did not abuse its discretion in ordering appellant to pay appellee spousal support in the amount of $1,200.00 per month.
{¶ 29} Assignment of Error I is denied.
 II
{¶ 30} Appellant claims the trial court failed to properly divide the parties' property. We disagree.
{¶ 31} In its judgment entry decree of divorce filed June 29, 2000, the trial court ordered all of the parties' assets sold at public auction except for clothing and personal effects. The trial court stated it "would consider excepting any other property list which the parties mutually submit to the Court on or before June 19, 2000." No "other property list" was filed.
{¶ 32} As stated in the previous assignment of error, appellant stopped working after the filing of the divorce and threatened to file bankruptcy and leave town. These facts would lead any trial court to believe that all of the assets should be sold to relieve the debt and protect appellee. Appellant chose not to work his dump truck, and as a result, the dump truck that he now argues is his livelihood has been ordered sold.
{¶ 33} Because of the parties' large debt vis-a-vis their small assets, the trial court did not err in ordering all of the property sold. Essentially, after the sale of the assets and payment of the debts, there will be little or no property to divide. If the trial court had not ordered the debts to be satisfied, appellant, given his attitude, may very well have left town and forced appellee to pay the joint debts.
{¶ 34} Assignment of Error II is denied.
{¶ 35} The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby affirmed.
By FARMER, P.J. WISE, J. and EDWARDS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division, is affirmed.