OPINION
{¶ 1} On June 21, 1978, appellant, Gene Dodson, and appellee, Kelly Dodson, were married. On December 14, 2000, appellee filed a complaint for divorce. On October 1, 2001, the trial court filed a final entry, terminating the marriage and dividing the parties' property and debts, and awarding appellee spousal support.
{¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 3} "THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING IN ITS AWARD OF SPOUSAL SUPPORT (1) FOR FAILING TO IMPUTE ANY INCOME TO THE APPELLEE (2) FOR FINDING THAT THE APPELLANT'S INCOME WAS $45,350 ANNUALLY AND (3) FOR ORDERING A LIFETIME AWARD OF SPOUSAL SUPPORT."
 I
{¶ 4} Appellant claims the trial court erred in its award of spousal support. Specifically, appellant claims the trial court erred in failing to impute any income to appellee, finding appellant's income to be $45,350.00 and ordering spousal support for life. We disagree.
{¶ 5} A review of a trial court's decision relative to spousal support is governed by an abuse of discretion standard. Cherry v. Cherry
(1981), 66 Ohio St.2d 348. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v.Holcomb (1989), 44 Ohio St.3d 128. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
{¶ 6} R.C. 3105.18(C)(1) governs awards of spousal support and states as follows:
 {¶ 7} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 8} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
{¶ 9} "(b) The relative earning abilities of the parties;
 {¶ 10} "(c) The ages and the physical, mental, and emotional conditions of the parties;
{¶ 11} "(d) The retirement benefits of the parties;
{¶ 12} "(e) The duration of the marriage;
 {¶ 13} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 14} "(g) The standard of living of the parties established during the marriage;
 {¶ 15} "(h) The relative extent of education of the parties;
 {¶ 16} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 17} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 18} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 19} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 20} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 21} "(n) Any other factor that the court expressly finds to be relevant and equitable."
{¶ 22} Further, trial courts are governed by the standard and guidelines imposed by the Supreme Court of Ohio in Kunkle v.Kunkle (1990), 51 Ohio St.3d 64, paragraph one of the syllabus:
 {¶ 23} "Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony would provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities."
{¶ 24} In awarding appellee $1,300.00 per month, for life, the trial court found the following at Finding of Fact No. 6:
 {¶ 25} "The Wife, age 42, is in poor physical, poor mental and emotional health. The Wife suffers from chronic and multiple medical problems such as fibromylgia, irritable bowel syndrome, post right total knee replacement and right shoulder impingement syndrome. She also was diagnosed in the past with recurrent pulmonary emboli. She presently medicates with Coumadin. Her doctor indicates that she has suffered physically and mentally because of these multiple medical problems; and, as a result, she is not, in any way, able to assume any form of employment. She also presently suffers from anxiety and mild depression related to these divorce proceedings.
 {¶ 26} "* * * The Wife has applied for Social Security Disability and SSI. She was told that she did not qualify for these benefits because she had not worked enough `quarters.'"
{¶ 27} The trial court found appellant "is in good physical, good mental and emotional health. He is a high school graduate and is employed by Nickles Bakery, earning $14.35 per hour, or $43,350 annually." See, Finding of Fact No. 5.
{¶ 28} Appellant argues his income is inflated by overtime hours, however, he admitted he still continues to acquire overtime pay for job security. T. at 50. He worked several "second" jobs during the marriage to support his family. T. at 25-26, 51. With overtime, appellant can meet his monthly expenses including spousal support. T. at 55. Appellee, on the other hand, suffers from several medical illnesses that affect her ability to work. T. at 10-12. She tried to work in the summer of 2000, but had to quit due to her fibromyalgia, irritable bowel syndrome and knee replacement. T. at 12. Appellee's family physician determined appellee was unable to work due to her medical condition. T. at 15. Her prescription medications include Cumadin, Paxil, Zanex, Transzene, Guanaflex, Percoset, Flexoral and Traxidone. T. at 15-17. Appellee's daughter resides with appellee. T. at 22. She pays $100.00 toward the rent. Id. Appellee's expenses are $1,578.08 per month. T. at 22, 24. Appellee did not make a claim for appellant's military pension of eighteen years (two years were premarital) in exchange for lifetime spousal support. T. at 29-30.
{¶ 29} Based upon appellee's medical condition and her willingness to forego any proceeds from appellant's military pension, coupled with appellant's long established overtime/second job practices, we find the trial court did not abuse its discretion. If appellant should have a change of job conditions or if appellee should become eligible for SSI, the trial court retained jurisdiction to modify the spousal support order. See, October 1, 2001 Final Entry under "Spousal Support."
{¶ 30} The sole assignment of error is denied.
{¶ 31} The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby affirmed.
By FARMER, P.J., WISE, J. and EDWARDS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division, is affirmed.