DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Wood County Court of Common Pleas, Domestic Relations Division, which determined the division of marital property and support issues in a final divorce decree. Because we conclude that the trial court committed no prejudicial error in its findings and judgment, we affirm.
Appellant, Joseph E. Steward, Sr. and appellee, Sandra L. Steward, were married on June 22, 1991. Twin sons were born on November 24, 1991 as issue of the marriage. In August 1999, appellant filed a complaint for divorce. In August 2000, the parties filed a joint agreement for shared parenting. Following a hearing on the remaining issues, the magistrate issued a decision including factual findings and conclusions of law. After consideration of appellant's objections, the trial court approved the decision, including the following findings that are relevant to this appeal.
Appellant, the sole wage earner, is employed in the car business. From 1999 to 2001, he held at least six jobs, ranging from car sales to car sales management. Appellant's jobs paid annual incomes of $60,000 to $80,000. Appellant's current position in car sales provides a weekly draw of $800 or approximately $42,000 per year. Averaging appellant's incomes, the court found appellant's annual income to be $61,900 for support calculation purposes. Appellant, who failed to file income tax returns for several years, also owed the Internal Revenue Service ("IRS") over $40,000 in taxes and penalties. Appellant was also $6,200 in arrears on temporary child support.
The court further found that appellee, who suffers from diabetes, pancreatitis, depression and panic/anxiety attacks, is unlikely to hold meaningful employment in the near future. Appellee takes insulin and other medications which cost approximately $500 per month. During the pendency of the divorce, appellant had apparently failed to put appellee on his health insurance. Because of this, the parties now owe approximately $30,000 in medical bills due to appellee's recent hospitalizations. Also during the pendency of the divorce, appellee was evicted from her apartment and became homeless for a short time. She then moved in with her mother. Appellee's monthly shelter and food expense for herself and the two children is $1,600.
The court further found that the parties occupied a home (although titled in appellant's brother's name for mortgage loan purposes) which had a value of $35,000 as marital property. The court awarded the interest in this property to appellant who currently lives there with his girlfriend.
The parties agreed to a shared parenting plan. During the school year, appellant has the children primarily during the week; appellee, on Wednesdays from 5:00 p.m. to 8:00 p.m and on weekends. This arrangement is reversed in the summer vacation months. Due to the disparity in time spent with each parent, the court reduced appellant's child support obligation by twenty-five per cent to $728.04 per month, plus $100 per month on arrearages.
Appellant was also ordered to pay $900 per month for twenty-four months in spousal support. In addition, appellant was ordered to pay the IRS debt and appellee's outstanding medical bills.
Appellant now appeals that judgment, setting forth the following four assignments of error:
"First Assignment of Error
 "The Trial court erred in that it abused it's [sic] discretion by failing to take into account the amount of time each party has custody of or possession of the minor children and finding that Plaintiff receive only a 25% deviation from the child support calculation.
"Second Assignment of Error
 "The Trial Court erred by abusing it's [sic] discretion when it found that Appellant/Plaintiff's income for support calculation purposes is $61,900 annually and that the annual income for Appellee/Defendant is $0.
"Third Assignment of Error
 "The Trial Court erred in that it abused its discretion when it ruled that the property rented by the parties and located at 300 Elmwood, Walbridge, Ohio was marital property and that the value of the marital residence was $35,000.00.
"Fourth Assignment of Error
 "The Trial Court erred when it abused it's [sic] discretion by ordering that Appellant/Plaintiff pay the sum of $900.00 per month as spousal support."
 I.
Appellant, in his first assignment of error, argues that the trial court, in discounting the child support obligation by only twenty-five per cent, failed to take into account the children's time spent with each parent.
R.C. 3119.24 provides that a trial court may deviate from the amount of child support shown on the child support guidelines if it considers "extraordinary circumstances" which make the unadjusted amount unjust or inappropriate and an adjustment is in the best interest of the children. "Extraordinary circumstances" of the parents include:
 "(1) The amount of time the children spend with each parent;
 "(2) The ability of each parent to maintain adequate housing for the children;
 "(3) Each parent's expenses, school tuition, medical expenses, dental expenses, and any other expenses the court considers relevant;
 "(4) Any other circumstances the court considers relevant."
In this case, although appellant may have the children more than half the time, appellee must still be able to maintain housing for her part of the shared parenting time which continues throughout the entire year. Appellee's inability to earn income due to her health issues negatively affects her ability to maintain housing and food for the children on a weekly basis. Moreover, the court specifically reduced appellant's child support obligation by twenty-five per cent due to the children spending more time with appellant. This indicates to us that the court, had in fact, considered the statutory factors. Therefore, we cannot say that the trial court erred in determining the adjusted amount of child support to be paid by appellant.
Accordingly, appellant's first assignment of error is not well-taken.
 II.
Appellant, in his second assignment of error, contends that the trial court abused its discretion in determining his income to be $61,900 for purposes of calculating child support.
Where a parent is voluntarily underemployed, the trial court may impute income based upon what the parent would have earned if fully employed as related to the parent's employment and earnings history, the parent's education and occupational qualifications, and the job opportunities in the community. R.C. 3113.215(5)(a). See also Rock v. Cabral (1993),67 Ohio St.3d 108, 111. Determining whether a parent is voluntarily underemployed is a question of fact for the trial court. Rock v.Cabral, supra. A "parent's subjective motivations for being voluntarily unemployed or underemployed play no part in the determination whether potential income is to be imputed to that parent in calculating his or her support obligation." Id.
In this case, the trial court considered appellant's earnings over the most recent year and a half for the purpose of calculating his average earnings as a car salesman. Although the trial court did not classify appellant as "voluntarily underemployed," it found that appellant has the ability to earn as much as $80,000 per year. The record reveals that appellant was employed in several different higher paying positions over the previous three years and chose to leave each position for a variety of reasons. Appellant has demonstrated an ability to earn more than the $42,000 per year purportedly paid by his current position.
Nevertheless, the trial court did not impute the highest amount earned, but took an average of appellant's most recent employment. In our view, the trial court was not required to consider previous lower yearly income levels to lessen appellant's child support obligation, when appellant has shown a recent and current ability to earn substantially higher income. Therefore, we cannot say that the trial court erred in calculating appellant's income for child support purposes.
Accordingly, appellant's second assignment of error is not well-taken.
 III.
Appellant, in his third assignment of error, contends that the trial court erred in classifying the residence rented from his father and brother as marital property.
Our review of a trial court's classification of property as marital is based upon a determination of whether the decision is supported by the manifest weight of the evidence. James v. James (1995),101 Ohio App.3d 668, 684. A judgment supported by some competent, credible evidence will not be reversed by the reviewing court as against the manifest weight of the evidence. C.E. Morris v. Foley ConstructionCo. (1978), 54 Ohio St.2d 279. The statutory definition of marital property is real or personal property owned by either or both spouses orin which either or both spouses have an interest, including the retirement benefits of the spouses, which was acquired during the marriage. See R.C. 3105.171(A)(3)(a). Marital property may include an equitable interest in property owned by a third party. Neeley v. Neeley
(Aug. 28, 1998), Montgomery App. No. 16721 (equitable interest in vehicle owned by third party).
In this case, the parties initially intended to purchase the home from appellant's father but could not obtain a mortgage loan. In exchange for "rent" or mortgage payments, the parties fixed up the home, spending between $30,000 to $40,000. Testimony was given that $35,000 from a malpractice suit was spent on improvements to the home. Ultimately appellant's brother purchased and obtained a mortgage on the property to circumvent appellant's credit problems and tax liabilities with the IRS. In our view, even though owned by appellant's father and brother, the parties retained an equitable interest in the residence by virtue of the marital funds expended into making the improvements. Moreover, appellant continues to reside in the home and was awarded any interest in the property. Therefore, the trial court's decision to credit that $35,000 as an equitable interest in the home was not, in our view, against the manifest weight of the evidence.
Accordingly, appellant's third assignment of error is not well-taken.
 IV.
Appellant, in his fourth assignment of error, claims that the trial court abused its discretion in awarding spousal support. We disagree.
A trial court has broad discretion in determining spousal support.Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67; Cherry v. Cherry (1981),66 Ohio St.2d 348, 355. Absent an abuse of that discretion, a reviewing court may not substitute its judgment for that of the trial court.Kunkle, supra; Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131. An abuse of discretion is more than a mere error of law; "it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore, supra.
The primary purpose of spousal support is to provide for the financial needs of the ex-spouse. R.C. 3105.18(A); Moell v. Moell (1994),98 Ohio App.3d 748, 751. Although a court's decision to award spousal support is discretionary, trial court are statutorily mandated to determine whether support is appropriate and reasonable and to consider the factors enumerated in R.C. 3105.18(C)which include, but are not limited to: 1) the relative earning abilities of the parties, 2) the ages and physical, mental, and emotional conditions of the parties, 3) the retirement benefits of the parties, 4) the duration of the marriage, 5) the standard of living of the parties established during the marriage, 6) the relative education of the parties, 7) the relative assets and debts of the parties, including but not limited to any court-ordered payments by the parties, 8) the tax consequences for each party of an award of spousal support, or 9) any other factor that the court expressly finds to be relevant and equitable. Id.
In this case, appellee's ability to earn an income is severely limited by her poor health. Although appellee has some training and skills for employment as a makeup artist, her eight year absence from the work force to care for the parties' twin sons has also impeded her income earning ability. Appellant, on the other hand, is in good health and has the capacity to earn more than 70,000 per year. The spousal support was $900 per month and limited to two years duration. Upon due consideration of the record in this case, we cannot say that the court abused its discretion in its award of spousal support.
Accordingly, appellant's fourth assignment of error is not well-taken.
The judgment of the Wood County Court of Common Pleas, Domestic Relations Division, is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Melvin L. Resnick, J., James R. Sherck, J., and Mark L. Pietrykowski,P.J., CONCUR.