OPINION
 STATEMENT OF THE FACTS AND CASE
The parties were married on August 30, 1969. Said marriage produced two daughters, both of whom were emancipated at the time of the final hearing in this matter.
On January 27, 1999, Appellee filed for divorce along with a request for temporary support.
On February 24, 1999, Appellant filed an Answer and a counterproposal for temporary support, which was accepted by the trial court.
On March 23, 2000, the parties, by joint stipulation, agreed upon the accounting firm of Snyder, Freeland Co. C.P.A. to conduct a business valuation of the Mid-Con Petroleum Co., Inc., the corporation for which Appellant receives a salary and distributions for serving as the president.
The accountant, Mr. Snyder, testified that he was unable to express an educated opinion as to the company's valuation due to certain record keeping inconsistencies and unreliable information.
The final hearing in this matter was held on September 29, 2000, with an additional day of testimony being heard on December 4, 2000.
On February 12, 2001, the Magistrate rendered his decision, with a supplemental decision filed on March 14, 2001.
Appellant timely filed Objections to the Magistrate's Decision.
On November 15, 2001, Judge Steiner issued his opinion, overruling all but two of Appellant's objections. In his Opinion, Judge Steiner changed the 75%-25% division of the TIAA-CREF account, in favor of Appellee, to a 50%-50% division and also reduced spousal support from $1,342.00 per month to $900.00 per month.
 ASSIGNMENTS OF ERROR I. "THE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO MAKE AN EQUITABLE DISTRIBUTION OF THE PARTIES REAL AND PERSONAL PROPERTY AS PRESCRIBED IN R.C. 3105.171."
 II. "THE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ORDERED THE APPELLANT TO PAY SPOUSAL SUPPORT TO THE APPELLEE IN VIOLATION OF THE DIRECTIVES AS SET FORTH IN R.C. 3105.18."
 CROSS-ASSIGNMENTS OF ERROR I. "THE TRIAL COURT ERRED IN NOT MAKING A DISTRIBUTIVE AWARD DESPITE FINDING THAT HUSBAND WAS GUILTY OF SERIOUS FINANCIAL MISCONDUCT."
 II. "THE TRIAL COURT ERRED IN AWARDING SPOUSAL SUPPORT IN AN AMOUNT LESS THAN SUFFICIENT TO PROVIDE FOR WIFE'S MINIMUM LIVING EXPENSES WHEN THE EVIDENCE ESTABLISHED THAT HUSBAND'S EARNING CAPACITY WAS FIVE TIMES THAT OF WIFE AND THAT THE WIFE HAD REDUCED HER STANDARD OF LIVING FOLLOWING THE PARTIES SEPARATION."
 I.
We will address Appellant's Assignment of Error I and Appellee's Cross-Assignment of Error I together.
Appellant and Appellee each claim that the trial court failed to properly divide the parties' property. We disagree.
In its Opinion filed November 15, 2001, and Judgment Decree of Divorce filed December 4, 2001, the trial court ordered, inter alia, that the husband would retain his entire one-half of the TIAA-CREF account which Appellee argues eliminated the distributive award contained in the Magistrate's Decision.
Upon full review of the record in this matter, we find that given "creative accounting" associated with Appellant's companies, it would have been nearly impossible for the trial court to make an equitable distribution of property in this case. However, given the trial court's finding of financial misconduct in this matter, the trial court had the discretion to make a distributive award. While Appellee argues that the trial court eliminated same when it modified the division of the TIAA-CREF account, the trial court in its opinion of November 15, 2001, stated, in reference to the award of the entire proceeds of the Horace Mann account to appellee, that "those assets acquired though [sic] the plaintiff's efforts warrant a distributive award to her in view of defendant's financial misconduct".
Based on the above, we are unpersuaded that the distributive award constituted an abuse of discretion by the trial court given Appellant's financial misconduct.
Appellant's first assignment of error and Appellee's first cross-assignment of error are overruled.
 II.
Appellant in his second assignment of error and Appellee in her second cross-assignment of error each claim the trial court erred in ordering spousal support in the amount of $900.00 per month. We disagree.
The Magistrate in his decision ordered Appellant to pay the first mortgage on the marital residence, which was granted to Appellee. This mortgage payment, amounting to $1,342.00, was to be treated as an award of spousal support. Upon objection by Appellant, the trial court modified same by ordering Appellee to be solely responsible for the entire payment of the first mortgage. The court then went on to find that award of spousal support was warranted under the circumstances but reduced such award to $900.00 to accommodate Appellant's "child support obligation."
A review of a trial court's decision relative to spousal support is governed by an abuse of discretion standard. Cherry v. Cherry (1981),66 Ohio St.2d 348. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989),44 Ohio St.3d 128. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
R.C. § 3105.18(C)(1) governs awards of spousal support and states as follows:
 "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
"(b) The relative earning abilities of the parties;
 "(c) The ages and the physical, mental, and emotional conditions of the parties;
"(d) The retirement benefits of the parties;
"(e) The duration of the marriage;
 "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 "(g) The standard of living of the parties established during the marriage;
"(h) The relative extent of education of the parties;
 "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 "(l) The tax consequences, for each party, of an award of spousal support;
 "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 "(n) Any other factor that the court expressly finds to be relevant and equitable."
Further, trial courts are governed by the standard and guidelines imposed by the Supreme Court of Ohio in Kunkle v. Kunkle (1990),51 Ohio St.3d 64, paragraph one of the syllabus:
 "Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony would provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities."
In awarding appellee $900.00 per month, the trial court found that given the circumstances, such was warranted under R.C. § 3105.18. The trial court, in making this decision had before it, among other things, the following: the parties had been married for thirty years; Appellee's physical limitations which would not be improving in the future; appellant's ability and resources to generate more income than appellee in the future.
We note the trial court retained jurisdiction on the issue of spousal support. See, Judgment Entry filed December 4, 2001.
Based upon the testimony and evidence presented, we find the trial court did not abuse its discretion in ordering appellant to pay appellee spousal support in the amount of $900.00 per month. We further find that given the difficulty in ascertaining the true financial picture of the parties, the trial court did not err in not making a larger award of spousal support.
Assignment of Error II and Cross-Assignment of Error II are denied.
Base on the foregoing, the decision of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed.
By: BOGGINS, J. HOFFMAN, P.J. and FARMER, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division, is affirmed.
Costs to Appellant.