OPINION
{¶ 1} In this accelerated calendar case, appellant, Thomas E. Schmidt, appeals the judgment of the Portage County Court of Common Pleas.
 {¶ 2} Appellant and appellee, Stephanie Ann Schmidt, were married in 1988. The parties were granted a divorce based on incompatibility in 2001. A hearing was held to determine, in part, the distribution of property. It is from this distribution of property that appellant brings this appeal.
 {¶ 3} One of appellant's briefed arguments was that the trial court incorrectly determined the value of his 401(K). The trial court had originally valued appellant's 401(K) at $49,535. Since the trial court's initial valuation of the 401(K) was an apparent typographical error, we remanded the case to the trial court to redetermine the value. In a nunc pro tunc judgment entry, the trial court acknowledged that there was a typographical error and redetermined the value of appellant's 401(K) at $9,535.
 {¶ 4} We will now address the remainder of the appeal. Appellant raises one assignment of error:
 {¶ 5} "The trial court abused its discretion, decided against the manifest weight of the evidence and contrary to law in its division of the marital property."
 {¶ 6} A trial court is given broad discretion in its division of marital assets.[1] A reviewing court is limited to the inquiry of whether the trial court abused that discretion.[2] "The term `abuse of discretion' connotes more than an error of law or judgement; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[3]
 {¶ 7} Appellant claims the trial court erred in deciding that certain items were marital property rather than appellant's separate property. These items include Dreyfus funds, a savings account, and money that was given by appellant's mother to be used in the construction of the marital residence.
 {¶ 8} Appellant testified that he rolled his retirement account from Goodyear into the Dreyfus account. Appellant also testified that he worked at Goodyear a little more than four years, but that only one of those years was when he was married. The trial court determined that twenty-five percent of the Dreyfus funds were marital. The trial court did not abuse its discretion in dividing the Dreyfus account.
 {¶ 9} Appellant claims that the trial court incorrectly determined that his savings account was marital property. Appellant asserts that this was a pre-marital account and the funds were used to construct the marital residence. We note that the trial court did find $13,000 of this money to be appellant's separate property. This was the money from appellant's savings that was used to purchase the lot in 1991.
 {¶ 10} The parties were married in 1988. They did not start construction of the marital residence until 1994. Appellee testified that money she made while working was deposited into the marital account. The money that appellee deposited into this account, plus any money appellant deposited into the account between 1988 and 1994, was marital property. This evidence of commingling is sufficient for the trial court to find that the money in the account was marital.[4] The trial court did not abuse its discretion in making this determination.
 {¶ 11} Appellant claims that an advance on his inheritance from his mother is his separate property. In support of his argument, appellant cites R.C. 3105.171(A)(6)(a), which states "`[s]eparate property' means all real and personal property and any interest in real or personal property that is found by the court to be any of the following: (i) [a]n inheritance by one spouse by bequest, devise, or descent during the course of the marriage[.]" The provision appellant cites refers to transfers of property at death. Appellant's mother transferred the money before she died, so it was an inter vivos gift. As a gift, there is a presumption that the property is marital, unless it is proved otherwise by clear and convincing evidence.[5]
 {¶ 12} This money was given during the marriage. It was used in the construction of the marital residence, which was titled jointly in the names of both parties. Both appellant and appellee testified that appellant's mother had a very good relationship with appellee. In light of these facts, we cannot say the trial court abused its discretion in determining that this gift from appellant's mother was marital property.
 {¶ 13} Appellant's assignment of error is without merit.
 {¶ 14} The judgment of the trial court is affirmed.
DONALD R. FORD, J., JUDITH A. CHRISTLEY, J., concur.
[1] Cherry v. Cherry (1981), 66 Ohio St.2d 348, paragraph two of the syllabus.
[2] Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131.
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[4] Landry v. Landry (1995), 105 Ohio App.3d 289, 291-292.
[5] Barkley v. Barkley (1997), 119 Ohio App.3d 155, 168, citing R.C.3105.171(A)(6)(a)(vii).