DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an order of the Wood County Court of Common Pleas modifying spousal support.
 {¶ 2} When appellant, Ronald E. Forbes, and appellee, Dorothy A. Forbes, were divorced in August 1999, each received an approximately equal share of their $600,000 marital estate. Appellee was awarded the parties' marital home and a portion of appellant's pension and retirement savings plans. Appellant was ordered to pay appellee $2,000 per month spousal support. The court retained jurisdiction to modify spousal support on a change of circumstances.
 {¶ 3} Appellant retired in October 1999, and moved for a modification of spousal support due to his change in circumstances. Prior to a hearing on appellant's motion, appellee filed a motion to show cause, alleging that appellant had paid virtually none of the spousal support previously awarded. These issues were joined in a December 2000 magistrate's hearing, following which the magistrate reduced appellant's monthly spousal support obligation to $1,100 and found him in contempt of the court's prior order. In an appeal of the magistrate's order to the court, the order was affirmed and adopted in its entirety. From that judgment, appellant now brings this appeal, setting forth the following single assignment of error:
 {¶ 4} "I. The court erred in its modification of spousal support as it based its decision on a standard not considered in Section3105.18, Ohio Revised Code."
 {¶ 5} The authority of a domestic relations court to award or modify spousal support has always been statutorily derived. Wolfe v.Wolfe (1976), 46 Ohio St.2d 399, 414. Nevertheless, once the statutory considerations are satisfied, the resulting determination of a support award rests in the sound discretion of the court and will not be reversed absent an abuse of discretion. Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 131. An abuse of discretion is more than an error of law or a lapse of judgment, the term implies that the court's attitude is arbitrary, unreasonable or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 6} The statute which provides direction for a domestic relations court to determine the amount of an initial or modified spousal support award is R.C. 3105.18. In material part, the statute provides:
 {¶ 7} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 8} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 [3105.17.1] of the Revised Code;
 {¶ 9} "(b) The relative earning abilities of the parties;
 {¶ 10} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 11} "(d) The retirement benefits of the parties;
 {¶ 12} "(e) The duration of the marriage;
 {¶ 13} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 14} "(g) The standard of living of the parties established during the marriage;
 {¶ 15} "(h) The relative extent of education of the parties;
 {¶ 16} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 17} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 18} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 19} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 20} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 21} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 22} In this matter, the trial court's domestic relations magistrate conducted a hearing on appellant's modification motion and appellee's show cause motion. The magistrate found both motions well-taken. In fashioning his order on the motions, the magistrate specifically states that he considered the length of the marriage, the age of the parties and, "* * * all other relevant factors of Ohio Revised Code 3105.18."
 {¶ 23} Implied in the magistrate's decision, presumably under the "other factors" provisions found in R.C. 1505.18(C)(1)(n), is great reliance on his finding that, from the time of the original decree, appellant, "* * * failed without justification to pay virtually all of the spousal support awarded * * *." The result of this failure, the magistrate concluded, was that appellee was required to invade the principal of her original property award to satisfy the shortfall. In the end, the magistrate reduced appellant's spousal support obligation to $1,100, substantially more than appellant had anticipated.
 {¶ 24} Appellant appealed the magistrates findings of fact and conclusions to the trial court which adopted the decision as its own.
 {¶ 25} We have carefully reviewed the record of this matter and conclude that there was competent, credible evidence to support the magistrate's findings. C.E. Morris v. Foley Const. Co. (1978),54 Ohio St.2d 279, Syllabus. It is also clear from the court's decision that the R.C. 31505.18 factors were considered. Moreover, we cannot say, given the court's findings and conclusions, that the support modification which was entered was arbitrary, unreasonable or unconscionable.Blakemore, supra.
 {¶ 26} Accordingly, appellant's sole assignment of error is found not well-taken.
 {¶ 27} Upon consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Richard W. Knepper, J., and George M. Glasser,J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.