OPINION
{¶ 1} On December 4, 1993, appellant, Jeanne Minocchi, and appellee, Donald Minocchi, were married. On February 20, 2003, appellant filed a complaint for divorce. A judgment entry decree of divorce was filed on November 20, 2003, allocating the parties' property and setting spousal support to appellee in the amount of $500.00 per month for twenty-four months.
 {¶ 2} On December 14, 2004, appellant filed a motion to terminate the spousal support award. A hearing was held on May 9, 2005. By judgment entry filed same date, the trial court denied the motion.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT ERRED IN DECLINING TO TERMINATE THE AWARD OF SPOUSAL SUPPORT, OR IN THE ALTERNATIVE, MODIFYING THE AWARD DESPITE RETAINING JURISDICTION TO DO SO AND OVERWHELMING EVIDENCE NECESSITATING SUCH A CHANGE."
 I {¶ 5} Appellant claims the trial court erred in not terminating/modifying the spousal support order. We disagree.
 {¶ 6} A review of a trial court's decision relative to spousal support is governed by an abuse of discretion standard.Cherry v. Cherry (1981), 66 Ohio St.2d 348. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989),44 Ohio St.3d 128. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 7} Appellant argues two prongs in her assignment of error. First, appellant claims the trial court refused to entertain the issue of spousal support and secondly, the decision not to terminate/modify was against the manifest weight of the evidence.
 {¶ 8} The first prong of appellant's argument is premised on the trial court's following statement from its May 9, 2005 judgment entry:
 {¶ 9} "The court will continue to consider any further efforts by this contemnor in mitigation of this sentence. However, this court will not continue to "RETRY" this spousal support issue as the plaintiff wants the court to do."
 {¶ 10} During a March 2, 2005 contempt hearing, the trial court acknowledged appellant's pending motion on spousal support and continued all issues including the contempt review to a later date. March 2, 2005 T. at 7-8. During the May 9, 2005 hearing, the motion on spousal support was clearly an issue and specific evidence on the matter was taken. May 9, 2005 T. at 3-4. Therefore, we conclude despite the verbal angst included in the judgment entry, the trial court entertained the issue.
 {¶ 11} During the May 9, 2005 hearing, appellee testified to gross earnings of $98,560.00 in 2004, but presented his 2004 tax return showing a zero net income to himself. May 9, 2005 T. at 5, 8, 20. The original order for spousal support was for twenty-four months. This order commenced on November 2, 2003, and would have expired on November 2, 2005, some six months after the hearing, had appellant paid her spousal support obligation.
 {¶ 12} Upon review, we find the trial court did not err or misinterpret the evidence regarding the fact that appellee had zero income per his 2004 tax return and was still under a disability. We find the only evidence was that appellee made nothing in the year 2004, which was the time frame of the termination/modification motion. See, Motion filed December 14, 2004.
 {¶ 13} The sole assignment of error is denied.
 {¶ 14} The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby affirmed.
Farmer, J. Hoffman, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is affirmed.